CATHERINE URLAU, APPELLEE, V. FREDERICK RUHE ET AL., REVIVED IN THE NAME OF JOSEPH C. WEETH, APPELLANT.*

FILED FEBRUARY 19, 1902.   No. 9,747.

1. **Appeal: DEATH OF PARTY: HEIRS: PARTY TO PROCEEDING.** When a party to an appellate proceeding dies, and his interest in the litigation passes to his heirs, the heirs are necessary parties to the proceeding.

2. **Petition in Intervention: MOTION TO STRIKE: PLEA.** When a petition in intervention is, upon motion of one of the parties to the suit, stricken from the files, it is no longer a part of the issues in the case for any purpose, and it is not necessary for either party to plead thereto.

3. **Mechanic's Lien: FORECLOSURE: CROSS-PETITION: EVIDENCE.** Upon a cross-petition to foreclose a mechanic's lien, the verified account of items, with proof of the amount of the claim, is not sufficient evidence to support a decree.

*This case appears in 89 N. W. Rep. as *Urlau v. Weeth.*

APPEAL from the district court for Douglas county. Heard below before SLABAUGH, J. *Affirmed in part.*

*J. W. Eller,* for appellant.

*Francis J. Mieding, Will H. Thompson, M. Langdon* and *Dexter L. Thomas, contra.*

SEDGWICK, J.

This action was begun in the district court of Douglas county by this plaintiff, Catherine Urlau, to foreclose two certain mortgages upon the real estate in question executed by Frederick Ruhe. The petition was an ordinary one in foreclosure. The defendant Ellery R. Hume filed a cross-petition to foreclose a tax lien, and the defendant Clarence L. Chaffee also filed a cross-petition setting up a mechanic's lien upon the premises in question. The defendant Frederick Ruhe answered, denying each and every allegation of the petition and of the several cross-petitions. Herman Ruhe filed a petition of intervention, setting up that he is the son of Frederick Ruhe and one Fredericke Ruhe, and that Fredericke Ruhe died on the 30th day of October, 1888, seized in her own right of the real estate described in the petition, and that the premises constituted the family homestead at the time of her death, asking that his interest in the homestead be determined. Upon the petition of defendant Chaffee this petition of intervention was striken from the files, which ruling was excepted to, and is now alleged as error. The trial resulted in findings in favor of the plaintiff and the cross-petitioners Hume and Chaffee, and decree of foreclosure adjudging the tax lien of Hume to be the first lien, and the plaintiff's two mortgages the second lien, and the mechanic's lien of Chaffee the third lien on the premises. From this decree the defendant, Frederick Ruhe, appealed to this court. His appeal was docketed in this court on the 15th day of December, 1897. Afterwards, on or about the 9th

day of May, 1899, the said Frederick Ruhe died.   No fur-
ther action was taken in this case for more than a year,
and, Joseph C. Weeth having been, on the 13th day of June,
1901, appointed administrator of the estate of the said
Frederick Ruhe, deceased, the said administrator, on the
18th day of June, 1901, filed in this court his petition to
revive the said action in his name as administrator of the
estate of the said Frederick Ruhe, deceased.   A similar
petition was also filed by Catherine Urlau, plaintiff.
Upon these petitions this court ordered that the action
stand revived in the name of the administrator, and pro-
ceed in his name as appellant; and that the action also
stand revived in the name of the heirs of Frederick Ruhe,
unless they and each of them show cause by a day named
why the same should not be revived.   Service of this order
was duly made upon the parties named therein, and they
have appeared herein and objected to the revivor as
against them.

We think this objection was not well taken.   Section
463 of the Code of Civil Procedure provides that:
"Upon the death of the plaintiff in an action, it
may be revived in the names of his representa-
tives, to whom his right has passed.   Where his right
has passed to his personal representative, the re-
vivor shall be in his name; where it has passed to his heirs
or devisees, who could support the action if brought anew,
the revivor may be in their names."   This section was
borrowed from the Code of Ohio, and has been construed
in that state.*   In *Valley Railway Co. v. Bohn,* 29 Ohio
St., 633, the railway company recovered a judgment in
proceedings in probate court to condemn and appropriate
the land of Bohn, and Bohn filed a petition in error in
the court of common pleas to reverse that judgment.
While this petition in error was pending Bohn died, and

---

*When one state adopts the statute of another state, she adopts,
with the statute, the judicial construction placed thereon by the high-
est court of the state from which the statute was taken. *Hallenbeck
v. Hahn,* 2 Nebr., 377; *Coffield v. State,* 44 Nebr., 417, 423; *Forrester v.
Kearney Nat. Bank,* 49 Nebr., 655, 663. But see *Morgan v. State,* 51 Nebr.,
672; *Rhea v. State,* 63 Nebr., 461.—REPORTER.

the question was in whose name the action should be revived. The court said: "By the 407th section of the Code of Civil Procedure, when the plaintiff in an action dies, and his right has passed to his heirs or devisees, who could support the action if brought anew, the revivor must be in their names. By analogy, we have no hesitation in saying this provision is applicable to proceedings in error." Our Code also provides, section 464, that the revivor may be "against the heirs or devisees of the defendant, or both, when the right of action, or any part thereof, survives against them." Under these provisions of the Code the heirs are necessary parties to appellate proceedings, when, by operation of law, the interests of one of the parties who has died while such proceedings were pending has passed to his heirs or devisees. In an action where the interest of the party passes to his administrator,—as was *Webster v. City of Hastings,* 56 Nebr., 245,—the revivor is against the administrator.

2. The matters set up in the petition for intervention of Herman Ruhe, are not determined or in any way affected by the decree in this case. They were not necessary to a proper determination of the matters presented in the issues herein, and the motion to strike the petition in intervention from the files was correctly sustained.

It is urged that the plaintiff, Urlau, did not file any plea or motion to the petition in intervention of Herman Ruhe, but, this petition in intervention having been stricken from the files, it was not a part of the issues for any purpose, and neither party was required to plead thereto.

3. It is objected that the evidence is not sufficient to sustain the decree foreclosing the mechanic's lien of Chaffee, and we find that this objection is well taken. The only evidence offered was the certificate of the lien itself, with the testimony of Chaffee's attorney computing the amount of interest due. This evidence is not sufficient. *Wakefield v. Latey,* 39 Nebr., 285.

The objection to revivor as to the heirs of Frederick Ruhe is overruled, and the decree of foreclosure of the

mechanic's lien of the defendant Chaffee is reversed, and
the cause remanded for further proceedings upon the
cross-petition of Chaffee, and in all other respects the de-
cree of the district court is affirmed.

JUDGMENT ACCORDINGLY.

