CATHERINE URLAU, APPELLEE, V. HERMAN RUHE ET AL., AP-
PELLANTS.*

FILED MAY 17, 1905.   No. 13,794.

Writ of Assistance.  Where on an application for a writ of assist-
ance the party in possession of the premises makes a litigable
claim of ownership thereof in fee, and it appears that his rights,
if any, are unaffected by the decree of foreclosure and sale
sought to be aided thereby, the writ should be refused.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE.   *Reversed with directions.*

*J. W. Eller,* for appellants.

*E. C. Page, contra.*

OLDHAM, C.

This is an appeal from the order of the district court for
Douglas county awarding a writ of assistance in a fore-
closure proceeding, after the confirmation of the sale, to
put the purchaser in possession of the premises described
in the sheriff's deed.   The writ was awarded after notice to
the appellants and a hearing of their objections by the
court.

The original cause was reviewed by this court in an opin-
ion rendered by SEDGWICK, J., and reported in 63 Neb. 883.
In this opinion the issues are fully set forth, and need be
only summarily restated for the purposes of the conclu-
sions about to be reached.

It appears from the opinion just cited that the action to
foreclose the mortgages was prosecuted against Frederick
Ruhe, who executed the mortgages—one in April, 1891, and
one in April, 1893; that, when the issues were joined on
the foreclosure of the mortgages, the present appellants,
Herman Ruhe and his brothers and sisters, sought to in-

* Rehearing denied.   See opinion, p. 809, *post.*

tervene and claim the premises as the heirs at law of their mother, Fredericka Ruhe, who had departed this life on the 30th day of October, 1888. This application, however, was denied by the district court, and it was held in the opinion of this court that the matters set up in the petition of intervention of Herman Ruhe were in no way affected by the decree in this case, and, with certain modifications not material to anything at issue, the decree of the district court was affirmed. When this mandate of affirmance was issued and filed in the district court for Douglas county, sale of the premises was had, the sale confirmed, and deed ordered. The mortgagee, who was the purchaser, applied for a writ of assistance against these apellants and others to put her in possession of the property described in the deed. Appellants resisted this application, alleging that they were the sole owners of the property as the heirs of their mother, who died in 1888, seized in fee simple of the premises; and that the death of their father, Frederick Ruhe, who departed this life on the 9th day of May, 1899, terminated his life estate in the premises. At the hearing on the application for the writ of assistance, plaintiff introduced the record of the probate of the will of Fredericka Ruhe, which purported to convey her entire estate, both real and personal, to her husband, Frederick Ruhe. This will appears to have been admitted to probate in the county court of Douglas county on the 15th day of August, 1889. Appellants filed an affidavit that such paper was not the last will of their mother, Fredericka Ruhe, and that they could establish the facts that such purported will was never executed by the mother. On this showing and counter showing the court awarded the writ.

We think that, under the rule just announced by this court in *Escritt v. Michaelson, ante,* p. 634, the court erred in granting the writ. If the purported will of Fredericka Ruhe is for any reason invalid, it is clear from the showing made that the appellants are the owners in fee of the premises, unaffected by the decree of foreclosure

against the father. And we think there is sufficient showing of apparent good faith in the existence of the claim to entitle the appellants to a day in court before being summarily evicted from the premises.

We therefore recommend that the judgment of the district court be reversed and the cause remanded, with directions to the district court to refuse the writ.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the above opinion, the judgment of the district court is reversed and the cause remanded, and the district court is instructed to refuse the writ.

REVERSED.

The following opinion on motion for rehearing was filed October 5, 1905. *Motion denied:*

PER CURIAM: It appears that these defendants' possession of the premises has been continuous since long before the existence of the lien under which the plaintiff has acquired and now claims title. They were not made parties to the foreclosure proceeding, but on the other hand were not allowed to become parties upon their application in which they represented they had interests in the land which they desired to defend. Under such circumstances it is clear that no writ of assistance should be awarded.

Motion for rehearing

OVERRULED.