DONALD S. WIGHTMAN, APPELLEE, V. CITY OF WAYNE, NEBRASKA, A MUNICIPAL CORPORATION, C. H. HENDRICKSON, INTERVENER, APPELLANT.

22 N. W. 2d 294

FILED MARCH 15, 1946.   No. 32057.

*Mark J. Ryan*, for appellant.

*H. E. Siman, Russell W. Bartels*, and *Fred S. Berry*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, and CHAPPELL, JJ.

YEAGER, J.

This is an action by plaintiff against the defendant wherein plaintiff seeks a declaratory judgment decreeing the rights of plaintiff and defendant to the proceeds of sale of certain real estate in the city of Wayne, county of Wayne, Nebraska, title to which is in plaintiff. The plaintiff filed a petition and an amended petition in the case. C. H. Hendrickson filed a petition of intervention to which objection was interposed by plaintiff. The objections were sustained and the petition of intervention dismissed. From the order

dismissing the petition of intervention intervener has appealed. The proceeding here is between plaintiff who is appellee and intervener who is appellant.

The errors assigned and requiring consideration herein are that the court erred in denying the right to intervene and in dismissing the petition; and that the plaintiff was without right to question the right of intervention.

In order to arrive at a proper determination of the questions presented it becomes necessary to recite the background of the present case as disclosed by the petition and the opinions in Taxpayers' League v. Wightman, 139 Neb. 212, 296 N. W. 886, and Wightman v. City of Wayne, 144 Neb. 871, 15 N. W. 2d 78, which opinions are referred to in the petition.

On or about March 18, 1932, in an action by the city of Wayne a tax-foreclosure decree was entered foreclosing tax liens on Lots 1, 2, and 3, Block 6, Crawford & Brown's Addition to the city of Wayne, Wayne County, Nebraska. By the decree one Alice V. Lewis was awarded a first lien for $235.72 and the city of Wayne a second lien for $2,713.76. On October 19, 1936, a sale was made under the decree to Walter S. Bressler, city clerk of the city of Wayne, for $4,600. No money was paid. Title under the deed was held in trust for the city. In June 1938, appellee started negotiations with the city for the purchase of the lots. A price was agreed upon which was $1,500. However, there was the outstanding lien of Alice V. Lewis and a right of redemption which did not expire until October 19, 1938. A deed was secured from the titleholder and the lien of Alice V. Lewis was paid off. Thereafter on October 5, 1938, at the request of the city of Wayne a deed was issued by Walter S. Bressler to appellee. The purchase price was $1,500. Immediately appellee entered into possession and erected improvements costing $8,500.

Thereafter an action was instituted in which appellant herein, as a citizen and taxpayer, sought to have the deed from Bressler to appellee set aside as a fraud upon him and the other taxpayers of the city. The case reached this court

where it was disposed of by opinion in 139 Neb. 212, 296 N. W. 886. This court in the opinion held that the transaction was fraudulent and set aside the deed from Bressler to the appellee herein and the sale to Bressler under the fore-closure decree. The effect of this was to restore to the city its lien declared in the original tax-foreclosure decree.

Following the decision of that case an action was filed in the district court for Wayne County by plaintiff herein against the defendant herein, the purpose of which was to require the city to convey to plaintiff title to the lots in question free and clear of the liens of the tax-foreclosure decree. Appellant herein intervened and defended against the claim for relief. That case reached this court as 144 Neb. 871, 15 N. W. 2d 78. The relief prayed was denied.

This action was thereafter instituted and the purpose is to have the court declare that the lien of the tax-foreclosure decree attaches to the three lots but not to the improvements erected thereon by appellee and that when sale is had that the proceeds be distributed in the proportions that the land and the improvements bear to the sale price.

It is against this claim for relief that appellant seeks to defend, as a citizen and a taxpayer, as is disclosed by the petition of intervention.

The appropriate statute on intervention is the following: "Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the State of Nebraska, may become a party to an action between any other persons or corpora-tions, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding any-thing adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and be-fore the trial commences." Sec. 25-328, R. S. 1943.

It is clear from this and the interpretative decisions that the right to intervene is absolute.

In the syllabus of In re Estate of Keller, 101 Neb. 115,

162 N. W. 511, it is said: "Since the amendment of 1887, appearing now as sections 7609-7611, Rev. St. 1913, any person claiming an interest in the subject-matter of an action may intervene at any time before trial, as a matter of right." The proposition was before the court and passed upon in the opinion.

Though to intervene is a matter of right it is not without condition. The right is conditioned on the exhibition of an appropriate pleading setting forth in fact a right legally cognizable in the action. A mere conclusion or declaration without a statement of the facts upon which it depends is not sufficient basis upon which to allow intervention.

It was said in Parker v. City of Grand Island, 115 Neb. 892, 215 N. W. 127: "Intervention was unknown at common law and equity, and is a creature of statute. * * * In this state sections 8552-8554, Comp. St. 1922, create and regulate that right. These provisions are to be liberally construed. However, they must be substantially followed, and the applicant must bring himself within their provisions, otherwise he is a mere interloper."

In Cornhusker Electric Co. v. City of Fairbury, 131 Neb. 888, 270 N. W. 482, it was said: "The petition in intervention must state such facts as, if conceded to be true, will entitle the applicant to some relief or, in other words, will sustain his right to intermeddle in the proceedings and support a decree and judgment in his favor or in favor of the party whom he undertakes to assist."

In order to ascertain whether appellant has a right to intervene or is a mere interloper it becomes necessary to examine his petition and the petition of the plaintiff. This examination discloses that the plaintiff's petition was drawn with reference to the opinions in Taxpayers' League v. Wightman, *supra,* and Wightman v. City of Wayne, *supra.* The petition of intervention was likewise drawn. The subject of those two cases and of this one is the same. In the first this court held, over objection, that the plaintiff there, who is intervener and appellant here, was as a citizen and taxpayer a proper party litigant to protect the subject mat-

ter. In the second appellant was intervener. Whether or not his right to intervene was questioned is not apparent from the petition but certain it is that his effort was not unavailing in bringing about the result of that action.

In the light of the fact that this court said once that appellant was a proper party in litigation to protect this subject matter on behalf of himself and the other citizens and taxpayers of the city of Wayne it would be inconsistent to say that this no longer is true.

On grounds other than mere inconsistency we think that appellant has a right of intervention in this case.

The history of this litigation as set forth in the petition discloses a situation which this court held to amount to a fraud upon the taxpayers of the city of Wayne. It took action by a taxpayer to correct the evil accomplished. It should never be said that watchful citizens may be denied the right to intervene in actions where real or apparent necessity exists to protect the taxpayers against the misdoings of public officials with the public revenue or property. We are unwilling to announce such a principle in this case.

The question of whether or not a plaintiff may object to intervention must be resolved against the appellant.

In Parker v. City of Grand Island, *supra*, the intervention was by answer. The plaintiff challenged the sufficiency of the answer to show a right of intervention. The court sustained the contention of the plaintiff.

In Cornhusker Electric Co. v. City of Fairbury, *supra*, the right of intervention was denied on objection of both plaintiff and defendant.

We think the proper rule is that the attack on a petition of intervention on the ground that it contains no proper averments of interest in a matter in litigation may be made by any party to the action.

For the reasons herein stated the judgment of the district court dismissing the petition of intervention is reversed and the cause remanded with directions to overrule the objections thereto.

REVERSED WITH DIRECTIONS

PAINE, J., participating on briefs.