NORMA M. SPRADLIN ET AL., APPELLEES, V. GWENDOLYN I. MYERS, APPELLEE, IMPLEADED WITH AID INSURANCE SERVICES, APPELLANT.

264 N. W. 2d 658

Filed April 12, 1978. No. 41175.

William E. Gast of Emil F. Sodoro Law Offices, for appellant.

Stanley H. Foster and L. W. "Jim" Weber, for appellees Spradlin.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

The sole question on this appeal is whether the action was properly revived. On September 28, 1972, plaintiff, William W. Spradlin, filed a petition seek-

ing damages for injuries sustained as the result of a collision between an automobile he was operating and one being operated by the defendant, Gwendolyn I. Myers. On November 2, 1973, plaintiff filed an amendment to his petition naming the defendant, AID Insurance Services, as a party defendant under the uninsured motorist's provision of an insurance contract issued to him.

On January 29, 1976, while the case was pending, attorneys for the plaintiff filed a suggestion of death which read as follows: "Comes now Richard L. Ramey, and suggests to the Court that William W. Spradlin, Plaintiff, died on May 12, 1975. There are not sufficient assets in his estate to justify a probate proceeding and his estate will not be probated. His heirs at law are Norma M. Spradlin, his widow; William W. Spradlin, Margaret M. Smith, and Anedra Newton, his children." Filed at the same time as the suggestion of death was a motion for revivor, seeking to have the action revived in the names of the heirs-at-law.

On this same date, the District Court issued a conditional order of revivor, as follows: "The heirs of law of William W. Spradlin, having suggested to the Court that the Plaintiff is now deceased since this action was commenced, and that they are the sole and only heirs at law of the Plaintiff; and the Court being full advised in the premises, on motion of the Plaintiff it is suggested that this action be revived in the name of the heirs at law, and proceed against the Defendants unless they show cause against said revivor on or before the 1st day of March, 1976."

Neither defendant challenged the conditional order of revivor, and on March 8, 1976, the District Court entered an order of revivor, reviving the action in the name of Norma M. Spradlin, William W. Spradlin, Margaret M. Smith, and Anedra Newton, plaintiffs, against the defendants, it appearing to the court that such persons "should be substituted as his

personal representatives and successors to his interests.''

On May 20, 1976, defendant, AID Insurance Services, filed a motion to dismiss, contending that the original plaintiff in the case was deceased and that the action had not been properly revived. Defendant's motion was overruled. The case was then tried to the court on October 19, 1976, on the issue of liability only. Prior to commencement of the trial, counsel for the defendant, AID Insurance Services, noted his continuing objection to the court's jurisdiction. The court found in favor of the plaintiff and against the defendant on the issue of liability. Defendant AID Insurance Services has appealed. We affirm the judgment of the District Court.

We first note that plaintiff's cause of action survived and did not abate on his death. § 25-1401, R. R. S. 1943; § 25-1403, R. R. S. 1943; Webster v. City of Hastings, 59 Neb. 563, 81 N. W. 510.

Defendant points out that plaintiff's action, one involving injury to his personal estate and not involving realty, descended upon his death to his personal representative and not to his heirs-at-law. This general rule is stated in 1 Am. Jur. 2d, Abatement, Survival and Revival, § 107, p. 125: ''As a general rule, actions in contract or in tort, and actions involving personal property, survive to or against the personal representative of a deceased party. And ordinarily a cause of action involving realty passes to the heirs of the person having the cause, and survives against the heirs of those against whom the liability exists, although the personal representative may continue the action when he is authorized by statute to do so.'' Nebraska recognizes this distinction. See, Buford v. Dahlke, 158 Neb. 39, 62 N. W. 2d 252 (1954); Rakes v. Brown, 34 Neb. 304, 51 N. W. 848 (1892); Keefe v. Grace, 142 Neb. 330, 6 N. W. 2d 59 (1942); Urlau v. Ruhe, 63 Neb. 883, 89 N. W. 427 (1902).

Section 25-1410, R. R. S. 1943, provides: ''Upon

the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. *Where his right has passed to his personal representative, the revivor shall be in his name;* where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names." (Emphasis supplied.)

The defendant argues that where the right of action passes to the personal representative of the deceased, as an action of the nature of plaintiff's would under our law, then, according to our statutory scheme, the revivor must be in the name of the personal representative and cannot be in the names of the heirs-at-law, as was done here. The action not having been properly revived, the District Court, defendant contends, was without jurisdiction to continue the action following the death of the original plaintiff.

Plaintiffs, in addition to arguing that the action was properly revived, contend that the defendant waived its right to object, is estopped from objecting, or is otherwise precluded from objecting to the revivor. Plaintiffs base these contentions on defendant's failure to object to the conditional order of revivor, allowing it to become final, and defendant not raising an objection to the revivor until more than 1 year after the date of the original plaintiff's death. Section 25-1414, R. R. S. 1943, provides that an order of revivor shall not be made in the names of the representatives or successors of the plaintiff without the consent of the defendant, after the expiration of 1 year from the time the order might have been first made.

"Where the subject-matter of an action is personal property, the action may and should, after the death of plaintiff, be revived in the names of his personal representatives, and not in the names of his heirs, devisees or legatees; but if defendant consents or

fails to object properly to a revival or continuance of the action in the name of the heir or heirs at law instead of the personal representative, he waives the right to complain." 1 C. J. S., Abatement and Revival, § 163, p. 218.

The first question to resolve is the effect of defendant's failure to object to the conditional order of revival. Did defendant, by this failure, waive its objections to the revivor, or is the defendant estopped from asserting improper revivor?

Section 25-1406, R. R. S. 1943, provides: "The revivor shall be, by a conditional order of the court if made in term, or by a judge thereof if made in vacation, that the action be revived in the names of the representatives or successor of the party who died, or whose powers ceased; and proceed in favor of or against them."

Section 25-1408, R. R. S. 1943, states: "If the order is made by consent of the parties, the action shall forthwith stand revived; and if not made by consent, the order shall be served in the same manner, and returned within the same time, as a summons, upon the party adverse to the one making the motion, and if sufficient cause be not shown against the revivor, the action shall stand revived."

In Missouri Pacific Ry. Co. v. Fox, 56 Neb. 746, 77 N. W. 130 (1898), an action was revived first by the widow of the deceased. The widow remarried and her powers as administratrix ceased. Fox, who appeared to be her successor, applied for a conditional order of revivor which in due time was made absolute. The court stated: "The defendant sought leave to file a supplemental answer alleging the cessation of Mrs. Thompson's powers as administratrix, and leave to do so was denied. It then, by objections to the evidence, sought to exclude proof of Fox' authority and to deny his right. Under our system of practice, where a party dies or his authority as a representative ceases, two methods of re-

vivor co-exist. A conditional order of revivor may issue and be served and the order made final, unless cause be shown against it, or the court may substitute the new party and supplemental pleadings may be filed and summons served. (Fox v. Abbott, 12 Neb. 328; Rakes v. Brown, 34 Neb. 312.) If the former method be pursued, the proper method of traversing the claim of the person in whose name revivor is attempted is by showing cause against the absolute order. An issue is thus tendered, and if the court make the order absolute, that order becomes res judicata as to the right of the person named to proceed with the action, and the issue cannot be again made and tried with the main case. (Hendrix v. Rieman, 6 Neb. 516.)''

Hendrix v. Rieman, 6 Neb. 516 (1877) involved an action upon a promissory note brought by one S. D. Rieman. During the pendency of the action the original plaintiff died and the action was revived in the name of Jennie Rieman as administratrix. To the motion and proceedings for revivor, Hendrix specially appeared and filed objections to the revivor. Hendrix' objections were overruled and exceptions duly taken. Before the trial commenced, Hendrix was given leave to file an answer denying that Jennie Rieman was the administratrix of the estate of S. D. Rieman. On appeal, Hendrix insisted that the court erred in sustaining the motion for revivor of the action. The court held: ''The statute provides the mode and regulates the practice in cases of revivor of actions. The mode of procedure, when not by consent, is by motion and conditional order of the court, if made in term, or by a judge thereof, if made in vacation; and the statutory provisions very plainly indicate that the question of revival of the action in the name of the administrator must be finally determined on the hearing of the case, upon the motion and conditional order and answer thereto of the adverse party. And that this is

the correct interpretation of the statute seems quite clear from the fact that no step can be taken in the prosecution of the action until there is a revival of the action by the substitution of the proper representative in the place of the deceased party. And this judgment or final order of revivor, unless reversed or vacated on error, is conclusive, and cannot be reviewed on the subsequent trial of the cause; and therefore the plea of ne unques administrator, subsequently pleaded to the action, is bad, and may be treated as surplusage.''

The conditional order of revival was issued on January 29, 1976. There is no allegation by defendant of improper notice, nor any reason given why it did not respond to the conditional order of revivor. On March 8, 1976, the District Court entered an order of revivor, upon the default of the defendant, in the names of the plaintiffs. On May 13, 1976, defendant, AID Insurance Services, filed an objection to plaintiffs' certificate of readiness for trial and on May 20, 1976, filed a motion to dismiss alleging for the first time that the case had been improperly revived. Defendant's motion to dismiss was overruled and the case proceeded to trial with defendant taking a continuing objection on grounds of improper revival. Following the judgment for the plaintiffs on the issue of liability, the defendant filed a motion for judgment notwithstanding the verdict and in the alternative for a new trial contending again that the action was improperly revived.

Under the authorities previously quoted from, defendant was required to raise any objections it may have had to the revivor by showing cause against the conditional order. Once the conditional order was made final, the defendant was precluded from subsequently calling into question the propriety of the revivor. Fox v. Abbott, *supra;* Hendrix v. Rieman, *supra.*

Had defendant filed objections to the conditional

order of revivor, and had the conditional order of re-vivor been made final over defendant's objections, the defendant on appeal could have challenged the overruling of its objections to the conditional order. Defendant, however, filed no objections to the conditional order of revivor and permitted it to become final. Its subsequent efforts to challenge the revivor are of no avail. The District Court had jurisdiction. § 25-1408, R. R. S. 1943.

Even if defendant were not precluded on appeal from asserting that the action was improperly revived, we are convinced that the action of the District Court reviving the action in the manner it did should be affirmed.

Defendant's argument is that the original plaintiff's cause of action was by nature one which passed to his personal representative on his death. Section 25-1410, R. R. S. 1943, states that a right which passes to the personal representative *shall* be brought in his name. Since the action was revived in the name of the original plaintiff's heirs-at-law, the revivor was improper. There being no proper revivor, the action abated with the death of the original plaintiff and the District Court was without authority to proceed following his death.

Defendant's contention would have merit except that under the circumstances of this case there was no such personal representative to whom the right should have passed. The original plaintiff's estate was too small to be probated. The appointment of an administrator ad litem could have been sought but we find nothing which compelled such an action.

In 1 C. J. S., Abatement and Revival, § 162, p. 216, it is stated: "Although the action is one which ordinarily should be revived in the names of the personal representatives of plaintiff after his decease, his heirs may, under the statutes of some jurisdictions, revive the suit or be made parties plaintiff where no one can be found who will administer on the estate,

or where there is no administration and no necessity for any, all debts of the estate having been paid.''

Section 25-1410, R. R. S. 1943, states: ''Where [the right] has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names.'' Section 25-1405, R. R. S. 1943, states: ''Where one of the parties to an action dies * * * if the right of action survive in favor of or against his representatives or successor, the action may be revived, and proceed in their names.''

Under the circumstances of this case, where there was no probate and no personal representative, the heirs-at-law were the original plaintiff's successors in interest to his action, and it could be revived in their names.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent from the majority opinion herein because it transfers the original jurisdiction of a county court in a probate matter to the District Court. The county courts of this state have exclusive original jurisdiction in all matters of probate and administration. Lewin v. Lewin, 174 Neb. 596, 119 N. W. 2d 96 (1962).

The subject matter of the action is an automobile accident which occurred March 30, 1972. The original plaintiff died May 12, 1975, so it is evident it is not a Lord Campbell action of the widow and the next of kin. Rather, any recovery herein would be an asset first available to the creditors for payment of debts, with only the remainder going to the heirs-at-law, as determined by the county court.

In my judgment, the plaintiffs are not the real parties in interest, and this issue has been raised at every stage of the proceedings since prior to the trial herein. I would hold the action must be re-

vived in the name of a personal representative, appointed by the county court.

The basis on which the trial court took jurisdiction on behalf of the alleged heirs is that there are not sufficient assets in the estate to justify a probate proceeding and the estate will not be probated. On its face this is an absurdity. The action itself is an asset of the estate. The prayer of the petition is for $23,712.70.

The trial court found for the plaintiffs and against the defendant on the issue of liability, so there is a substantial asset in the estate. The extent of liability is still to be tried. How is a recovery to be distributed? According to the laws of descent and distribution? Or, will it be distributed equally to the alleged heirs?

As we said in Murray v. Omaha Transfer Co., 98 Neb. 482, 153 N. W. 488 (1915), which concerned a rehearing on an action for personal injuries where both the Lord Campbell or death act and the estate were involved: "Under our statutes the wife has an interest in the property and rights of her husband at his decease, of which he cannot deprive her by any act of his. His creditors also have an interest which he cannot ignore. His administrator represents all of those interests." Here, however, the death act is not involved, so the rights of creditors, subject to statutory allowances, take precedence.

A pending tort claim is a chose in action and a part of the deceased's personal estate. In my judgment, the court lacked subject matter jurisdiction herein. The alleged heirs could not revive the action in their names, and the court did not have authority to do so. The law is well settled, jurisdiction over the subject matter cannot be conferred by consent or failure to object. See Plunkett v. Parsons, 143 Neb. 535, 10 N. W. 2d 469 (1943).