IN RE ESTATE OF CARL KESTING, DECEASED.
LORETTA KESTING, APPELLEE, V. HAROLD G. KESTING, PERSONAL
REPRESENTATIVE OF THE ESTATE OF CARL KESTING, DECEASED,
APPELLANT.
371 N.W.2d 107

Filed July 26, 1985. No. 84-511.

Vince Kirby, for appellant.

David A. Domina of Domina & Gerrard, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

On November 21, 1974, Carl Kesting executed his will and devised a quarter section of Pierce County real estate to his children, that is, the north half of the quarter section to his daughter, Loretta Kesting, and the south half of the quarter section to his son, Harold G. Kesting. In his will Carl also specified that Loretta and Harold equally share the residue of his estate, and nominated Harold as personal representative.

On January 5, 1982, Carl, by warranty deed, conveyed the entire quarter section to Harold and his wife, LaVetta. Carl died a resident of Madison County on June 25, 1983, and his will was admitted to probate, with "Letters of Personal Representative" issued to Harold on July 19.

In the county court, on August 4, Loretta filed a petition and alleged that Carl's warranty deed of January 5, 1982, was "procured by mistake, misrepresentation, undue influence, and duress" by the grantees, Harold and LaVetta. Loretta

further alleged there was a "conflict of interest" regarding Harold as personal representative and requested appointment of a special administrator "for the limited purpose of taking all necessary action on behalf of the estate, including the filing of a Petition in the appropriate Court to set aside the purported Warranty Deed dated January 5, 1982," in order to collect and include the conveyed real estate as a part of Carl's estate. See Neb. Rev. Stat. § 30-2457(2) (Reissue 1979). Harold's only response to Loretta's petition was a demurrer on the ground "there is no statutory authority for the request" contained in the petition. (The record does not reflect whether the county court overruled Harold's demurrer or whether the court construed the demurrer as an answer traversing the existence of the relief requested.) On August 31 Harold and Loretta stipulated, and the county court ordered, the appointment of a special administrator "for the purpose of investigating, and reporting to the Court, concerning . . . [t]he circumstances surrounding the conveyance by the decedent of certain real estate described in [Carl's will] . . . which Deed is dated on or about January 5, 1982 . . . ."

In his report filed on December 5, the special administrator expressed an opinion that an action to set aside the deed "could not be successfully maintained," to which Loretta filed a written objection on December 7. The special administrator, on December 20, filed a "reply to objections," in which he stated: "The matter does present a fact question, and if the case were filed, the facts raise reasonable questions with respect to the execution and delivery of the deed which would be submitted to the jury," and acknowledged there appeared to be a genuine issue of fact regarding questions raised by Loretta's petition.

A hearing was held before the county court on January 5, 1984, but these proceedings were not recorded and transcribed. Consequently, there is no bill of exceptions for the January 5 proceedings. In its order regarding the January 5 hearing, the county court accepted the special administrator's report and declined to appoint a special administrator as requested by Loretta. Loretta appealed to the district court, which reversed the county court's order of January 5 and remanded the proceedings to the county court with direction to "appoint a

special administrator to institute suit against Harold G. Kesting and his spouse to challenge the Deed [by Carl Kesting] whereby the decedent purported to convey his Pierce County, Nebraska real estate to Harold G. Kesting and his spouse." Harold appeals the district court's order of reversal and remand.

Where there is no bill of exceptions, the appellate court is limited to a determination of whether the pleadings support the judgment of the trial court. See *Lum v. Mattley*, 208 Neb. 789, 305 N.W.2d 878 (1981).

Generally, and in a proper situation, an heir, devisee, or interested person in his or her own right may challenge a deed executed by the decedent defeating descent to the challenger. See *McDonald v. McDonald*, 207 Neb. 217, 298 N.W.2d 136 (1980). Despite this fact, Loretta filed a petition in the county court seeking to have a special administrator appointed to bring an action on behalf of the estate to set aside the conveyance by the decedent.

Neb. Rev. Stat. § 30-2470 (Reissue 1979) provides in part:

Except as otherwise provided by a decedent's will, every personal representative has a right to, and shall take possession or control of, the decedent's property, except that any real property or tangible personal property may be left with or surrendered to the person presumptively entitled thereto unless or until, in the judgment of the personal representative, possession of the property by him *will be necessary for purposes of administration.* The request by a personal representative for delivery of any property possessed by an heir or devisee is conclusive evidence, in any action against the heir or devisee for possession thereof, that the possession of the property by the personal representative *is necessary for purposes of administration.*

(Emphasis supplied.)

There was no allegation that the real estate conveyed by the decedent, Carl Kesting, was necessary for administration of the estate. In view of the provisions of § 30-2470, as applied to the case before us, possession of a decedent's property was not necessary, as a matter of law, for the purposes of administration. As a result of a similar construction of the

language of § 30-2470, there is "conclusive evidence" that the real estate conveyed by Carl Kesting to Harold Kesting is not necessary for administration of the estate, in that there is no assertion that the personal representative, Harold Kesting, requested delivery of the property now sought by Loretta Kesting.

Loretta Kesting seeks to use the Nebraska Probate Code as a means to finance a lawsuit against Harold Kesting. It seems to us that the probate code should not be construed so as to permit one heir or devisee to finance his or her lawsuit against another heir or devisee out of the funds of the estate, where the property is not needed for "purposes of administration."

We, therefore, reverse the judgment of the district court and remand this matter to the district court with direction that the district court reinstate the judgment of the county court denying appointment of a special administrator.

REVERSED AND REMANDED WITH DIRECTION.