LEE WILLIS, APPELLEE, V. JESSIE ROSE, PERSONAL REPRESENTATIVE OF THE ESTATE OF GARNET ROSE, DECEASED, APPELLANT, GERALD D. ROSE, INTERVENOR-APPELLEE.

388 N.W.2d 101

Filed June 6, 1986.   No. 85-175.

David W. Jorgensen and Raymond A. Hervert of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Graten D. Beavers and Dirk V. Block of Knapp, Mues, Beavers & Luther, for appellee.

William J. Ross of Ross, Schroeder & Fritzler, for intervenor-appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The instant case began as an action for an accounting in the district court for Kearney County, Nebraska. The suit was filed by the appellee, Lee Willis, against Garnet Rose. At the time the suit was commenced, Rose was the managing partner of a farming partnership which had been created in 1947 under the "terms" of an oral agreement. The partnership consisted of Rose, Willis, and a Gerald D. Rose, who is also known as Dale Rose. In February of 1982 Willis informed Garnet Rose that he wanted to retire from farming. At this time Willis requested that Garnet Rose distribute to Willis his share of the partnership assets. Garnet Rose informed Willis that he had nothing due him except his share from the current year's farming operation. On April 26, 1982, Willis' attorney wrote to Garnet Rose demanding an accounting. When no response was received, Willis filed his original petition in the district court for Kearney County against Garnet Rose, seeking an accounting of the partnership. In an effort to get the case at issue, Garnet Rose filed a second motion to make more definite and certain, which was sustained in part and in part overruled. On November 25, 1983, before Willis had filed a second amended petition to comply with that part of the motion which was sustained, Garnet Rose died. On December 27, 1983, Jessie Rose, Garnet's sole and only heir, was appointed personal representative of Rose's estate. Willis filed a second amended petition on December 5, 1983, and on January 11, 1984, filed a motion for revivor, seeking to revive the action against Jessie Rose as personal representative of the estate of Garnet Rose, deceased. On January 13, 1984, the third partner, Dale Rose, filed a petition seeking to intervene in the action. On January 25, 1984, the district court granted Dale Rose permission to intervene.

Thereafter, on February 13, 1984, Jessie Rose, as personal representative, filed a special appearance. The special appearance was overruled on June 19, 1984, and a trial on the issue of the revivor was had on October 17, 1984. The court

thereafter entered a final order reviving the action filed by Willis against Jessie Rose as personal representative of the estate of Garnet Rose. It is from this final order, see *Spradlin v. Myers*, 200 Neb. 559, 264 N.W.2d 658 (1978), which Jessie Rose, as personal representative of the estate of Garnet Rose, now appeals.

Jessie Rose argues that because the accounting action filed by Willis sought not only an accounting and a money judgment against Garnet Rose but also was concerned with certain real estate which Willis maintains was a part of the partnership and which was improperly conveyed by Garnet Rose from the partnership to his personal estate, the action must be revived not only against the personal representative of the estate of Garnet Rose but against the heirs of Garnet Rose as well. She further maintains that having failed to revive the cause of action against all possible defendants, the revivor cannot be maintained with regard to any one defendant, even if the revivor was proper as against that defendant. The personal representative cites no specific authority to us for that proposition, nor are we able to find any. We are convinced that the position taken by the personal representative is not supportable in law, and, for that reason, we believe that the decision of the district court reviving the action as against Jessie Rose, personal representative of the estate of Garnet Rose, should be affirmed.

An examination of the petition initially filed by Willis against Garnet Rose makes it clear that this was not an action to wind up a dissolved partnership pursuant to the Nebraska Uniform Partnership Act (Neb. Rev. Stat. § 67-337 (Reissue 1981)), but, rather, was a suit by one partner against another for an equitable accounting arising out of a confidential relationship and the alleged fact that the managing partner had misappropriated funds which properly belonged to the partnership. An action of this nature properly falls within the equitable jurisdiction of a district court. See *Anderson v. Clemens Mobile Homes*, 214 Neb. 283, 333 N.W.2d 900 (1983). While the *Anderson* case involved a suit by a minority stockholder against a corporation and its majority and only other stockholder, the principle of law as applied to a

partnership is the same. In *Anderson, supra* at 285, 333 N.W.2d at 903, we said: "Where the intimate relationships of the parties are involved, an adequate remedy is available only within the equitable jurisdiction of the court." See, also, *Philip G. Johnson & Co. v. Salmen*, 211 Neb. 123, 317 N.W.2d 900 (1982). The nature of the action filed by Willis against Rose was one in which Willis sought an order by the district court requiring Garnet Rose to account to Willis for the funds properly belonging to Willis and improperly appropriated by Rose and for a judgment for the amount found due as well as other equitable relief.

The first question that must be answered is whether the death of Garnet Rose abated the action then pending or whether the action continued. Neb. Rev. Stat. § 25-1402 (Reissue 1985) provides: "No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, or for a nuisance, which shall abate by the death of the defendant." It is clear that the action filed by Willis against Garnet Rose was not one of those specifically excepted by the provisions of § 25-1402, and, therefore, the action did not abate by reason of Garnet Rose's death.

As an aside, the personal representative argues that § 25-1402 does not apply because no action was pending at the time of the death of Garnet Rose. In support of that position the personal representative maintains that, because a motion to make more definite and certain had been in part sustained and in part overruled and the plaintiff had not filed an amended petition to comply with the order of the court before Garnet Rose's death, no action was pending on the date of death. We believe that the argument has no merit. It is clear that a proper petition had been filed in time and that the defendant, Garnet Rose, had been properly served and had filed a pleading in opposition thereto. By sustaining in part a motion to make more definite and certain, the action was not in any manner dismissed by the district court, nor did it somehow become amorphous. Neb. Rev. Stat. § 25-833 (Reissue 1985) makes it clear that one can file a motion to make more definite and certain only in response to an action pending. The statute reads

in part: "[W]hen the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." The fact that the defendant may be entitled to require a more definite statement of the plaintiff does not mean that the statement made by the plaintiff, if no motion had been filed, was not sufficient to state a cause of action or that the action did not exist. See, *Chicago, R. I. & P. R. Co. v. Shepherd*, 39 Neb. 523, 58 N.W. 189 (1894); *Rhodes v. Crites*, 173 Neb. 501, 113 N.W.2d 611 (1962). The district court's order sustaining in part a motion to make more definite and certain is not the same as dismissing an action. The action clearly was pending at the time that Garnet Rose died, and the provisions of § 25-1402 were applicable.

In support of the personal representative's position that unless the suit is revived against all possible parties it cannot be maintained against any party, the personal representative refers us to the cases of *Urlau v. Ruhe*, 63 Neb. 883, 89 N.W. 427 (1902), *Dougherty v. White*, 112 Neb. 675, 200 N.W. 884 (1924), and *Keefe v. Grace*, 142 Neb. 330, 6 N.W.2d 59 (1942). We believe, however, that a reading of those cases and the applicable statutes does not support the personal representative's position and, in fact, makes it clear that just the opposite is the law.

In the *Urlau* case the court was presented with a case in which an action to foreclose a real estate mortgage was commenced. While the action was pending, one of the mortgagors died. Because this was an action involving only real estate, the title of which had passed to the mortgagor's heirs upon his death, it was determined that the heirs were necessary parties to the litigation and that the action should be revived as against them. Likewise, in *Dougherty v. White, supra*, suit was brought to quiet title to a quarter section of land and for an accounting for rents and profits. In deciding *Dougherty, supra* at 681-82, 200 N.W. at 887, we said:

> We think a fair construction of our statute, above quoted, in view of the decisions of this and other courts, requires that the revivor should be against the representatives of the deceased person whose property

rights would be affected by the revivor. If the revivor would affect only the personal property in the hands of the administrator, then it may be revived as against him, but, if it is intended to affect real property which passed, on the death of the judgment debtor, to his heirs, then it should be revived against such heirs at law, and, if the judgment is to affect, or does affect, both personalty and real estate, then it should be revived against both the personal representatives and the heirs. In the instant case, the revivor was not against the heirs at law of Mahon, and yet it was the real property which descended to them that is sought to be affected and taken under the execution, and under a judgment to which they were not a party and of which they had no legal notice.

And, finally, in *Keefe v. Grace, supra*, an action was brought to set aside certain deeds allegedly executed by fraud. In deciding the *Keefe* case we said at 333-34, 6 N.W.2d at 61:

In the instant case the action sought to be revived involved *solely* the legality of certain deeds. No claim is made that the action was necessary to provide funds for the payment of debts and claims against the estate. We are inclined to the view that upon the death of Mary Ann Keefe, the incompetent ward, any title to real estate involved which was vested in her passed to her heirs or devisees, and the special administrator appointed after her death, under these circumstances, was wholly without power or right to maintain the action.

(Emphasis supplied.)

In the recent case of *Spradlin v. Myers*, 200 Neb. 559, 563, 264 N.W.2d 658, 661 (1978), we set out the general rule saying: " 'Where the subject-matter of an action is personal property, the action may and should, after the death of plaintiff, be revived in the names of his personal representatives, and not in the names of his heirs, devisees or legatees . . . .' " Further, Neb. Rev. Stat. § 25-1411 (Reissue 1985) provides:

Upon the death of a defendant in an action, wherein the right, or any part thereof, survives against his personal representative, the revivor *shall* be against him; and it *may* also be against the heirs or devisees of the defendant, or

both, when the right of action, or any part thereof, survives against *them*.

(Emphasis supplied.)

The reason for the rule is simple. A suit must be brought by or against a person or persons who have an interest in the property which will be affected by the order of the court. If the property to be affected is personal property, the proper party is the personal representative, who, until the estate is closed, has lawful title to the property. See *Mead Co. v. Doerfler*, 146 Neb. 21, 18 N.W.2d 524 (1945). See, also, Neb. Rev. Stat. § 30-2472 (Reissue 1985). On the other hand, if the property is realty, the proper party or parties are the heirs or devisees, because title to real estate immediately vests in the heirs or devisees upon the death of the party having an interest in the property just prior to death. See *Evans v. Evans*, 199 Neb. 480, 260 N.W.2d 188 (1977).

In the instant case the petition for accounting as presented to us on appeal seeks the recovery of only money, an action involving only personal property. It may very well be that, upon trial of the action, plaintiff may also seek to quiet title to real estate and, therefore, be unable to recover upon all of plaintiff's causes of action because some of the actions may properly lie against the personal representative of the estate of Garnet Rose and some of the actions properly against the heirs of Garnet Rose. We are not, however, required at this time to pass upon what relief it is that Willis may be entitled to obtain. All we are required to pass upon at this time is the single question of whether a suit seeking, at least in part, the recovery of personalty, and revived against the personal representative of a deceased defendant, may continue even though full relief may not be available because the action has not been also revived as against the heir of the deceased partner. We think that the answer must be yes.

It may very well be that at some time there may be a misjoinder of causes of action. That we do not pass upon. The fact, however, that there may at some point be a misjoinder of causes of action does not invalidate the order of revivor properly entered and served upon the personal representative of the estate of Garnet Rose with regard to personal property, to

wit, money, being sought by the plaintiff. Where a cause of action or several causes of action may properly lie against a personal representative of a deceased defendant as well as against the heir of the deceased, an order of revivor against only one of the parties, if proper, for some of the relief sought is not defective, and the cause of action may proceed against that party.

The decision of the district court reviving the action against Jessie Rose, personal representative of the estate of Garnet Rose, was proper and must be affirmed.

AFFIRMED.