RAYMOND RUZICKA ET AL., APPELLEES, V. HAROLD RUZICKA, PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT L. RUZICKA, DECEASED, APPELLEE, AND BARBARA SUKSTORF ET AL., APPELLANTS.

635 N.W.2d 528

Filed November 16, 2001.    No. S-00-608.

Jeff C. Miller and Malcolm D. Young, of Young & White, for appellants.

Steven J. Riekes, Leanne A. Gifford, and David P. Wilson, of Marks, Clare & Richards, for appellees Raymond Ruzicka, Phyllis Ruzicka, and 3R Farms, Inc.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Raymond Ruzicka, Phyllis Ruzicka, and 3R Farms, Inc. (collectively appellees), brought this action in the district court for Saunders County against Harold Ruzicka, as personal representative of the estate of Robert L. Ruzicka, to determine title to real property in Saunders County which brothers Raymond and Robert owned in fee simple as tenants in common at the time of Robert's death. Appellees claimed that Raymond and Robert had intended to transfer title to 3R Farms, but by "mistake and inadvertence," this had not occurred prior to Robert's death. They petitioned for equitable relief and prayed that title be quieted in 3R Farms. Barbara Sukstorf, John Ruzicka, and Debra Gorley (appellants), who are residuary devisees named in Robert's will, filed a motion for leave to intervene in the action. They appeal from the denial of that motion by the district court.

## BACKGROUND

In their operative amended petition, appellees allege that prior to 1983, the land in question was owned by Raymond and Robert in fee simple as tenants in common and utilized by them in a joint farming operation. They further allege that in 1983, the brothers formed 3R Farms, a Nebraska corporation, for the purpose of owning and operating their family farm. Twenty-five thousand shares of capital stock were issued to Robert, and twenty-five thousand shares of capital stock were issued to Raymond. Appellees allege that Raymond and Robert orally agreed that the real estate, along with other assets, would be transferred to 3R Farms in exchange for the stock. They further allege that Raymond and Robert hired an attorney to transfer the real estate to 3R Farms but that the attorney failed to do so. Appellees allege that from and after 1983, all parties treated the real estate as an asset of 3R Farms.

Appellees further allege that in 1996, Robert, Raymond, and Phyllis, then the sole shareholders of 3R Farms, entered into a stockholders' "Buy-Sell Agreement" wherein the parties agreed that in the event of the death of any of the stockholders, 3R Farms was entitled to purchase all outstanding shares of the deceased stockholder at a price computed pursuant to the buy-sell agreement. A copy of the buy-sell agreement was attached to the petition and incorporated therein. Appellees asserted "causes of action" for resulting trust, specific performance, constructive trust, and quiet title. They sought the conveyance of the real estate to 3R Farms and the enforcement of the buy-sell agreement.

Robert died testate in Saunders County on November 22, 1998. At the time of his death, record title to the real estate in question was still held by Raymond and Robert in fee simple as tenants in common and had not been conveyed to 3R Farms. Robert's will did not specifically devise the real estate, but included a residuary clause devising the residuary of his real and personal property to nine nieces and nephews. Three of those nine are appellants in this case and proposed intervenors below.

In their motion for leave to intervene, appellants alleged that they had a valid interest in the real estate that was the subject of the petition by virtue of their standing as residual and remainder

"legatees" under Robert's will. In their proposed petition in intervention submitted to the district court, appellants alleged that Robert's will was duly admitted to probate and that upon information and belief, all debts and claims against the estate and taxes had been paid. They further alleged that there are sufficient liquid assets in the estate to pay all specific bequests and that the remainder of the estate is the real property at issue. The proposed petition in intervention sought a partition of the real estate or, in the alternative, a sale of the property and a division of the proceeds of the sale. In addition, the proposed petition sought an order requiring appellees to produce financial records for an accounting.

On May 17, 2000, the personal representative filed an answer and cross-petition denying the allegation that Raymond and Robert agreed to transfer the real estate to 3R Farms. The cross-petition requested that title to the real estate be quieted and that it be partitioned and divided among its owners.

The district court entered its order denying the motion for leave to intervene on May 30, 2000. The court found that the petition in intervention improperly attempted to present issues not in the original petition and improperly expanded the scope of the proceedings. The court also found that the interests of appellants were already represented by the personal representative and that there was no allegation of a conflict of interest. Furthermore, the court held that appellants did not have a direct interest in the real estate because they were entitled to a distribution of only the residue of the estate in cash after all of the debts and specific bequests had been paid.

Appellants perfected this timely appeal, which we removed to our docket on our own motion pursuant to our authority to regulate the dockets of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Appellants assign, restated, that the district court erred (1) in denying the motion for leave to intervene and (2) in failing to find, sua sponte, that all of the residual devisees were necessary and indispensable parties to the litigation.

## STANDARD OF REVIEW

■ Whether a party has the right to intervene in a proceeding is a question of law. See *In re Interest of Kayle C. & Kylee C.*, 253 Neb. 685, 574 N.W.2d 473 (1998). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *In re Estate of Mecello, ante* p. 493, 633 N.W.2d 892 (2001).

■ The presence of necessary parties to a suit is a jurisdictional matter that cannot be waived by the parties; it is the duty of the plaintiff to join all persons who have or claim any interest which would be affected by the judgment. *Battle Creek State Bank v. Preusker*, 253 Neb. 502, 571 N.W.2d 294 (1997); *Robertson v. School Dist. No. 17*, 252 Neb. 103, 560 N.W.2d 469 (1997). When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower courts. *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001).

## ANALYSIS

### RIGHT TO INTERVENE

Appellants argue that the essential issue for our review is whether they have a direct legal interest in the proceedings that entitles them to intervene pursuant to Neb. Rev. Stat. § 25-328 (Reissue 1995). Appellees contend that the case turns on whether the personal representative or an heir is the proper party to defend a quiet title action involving real property to which title was held by Robert at the time of his death. The issues presented require us to examine the interplay between our intervention statutes and the Nebraska Probate Code, codified at Neb. Rev. Stat. §§ 30-2201 to 30-2902 (Reissue 1995 & Cum. Supp. 1998).

■ The right to intervene is granted by statute in Nebraska. Section 25-328 provides:

> Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the State of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming

what is sought by the petition, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences.

The interest required as a prerequisite to intervention under § 25-328 is a direct and legal interest of such character that the intervenor will lose or gain by the direct operation and legal effect of the judgment that may be rendered in the action. *In re Interest of Kayle C. & Kylee C., supra.* Intervention was unknown both at common law and in equity, and is a creature of statute. *Wightman v. City of Wayne,* 146 Neb. 944, 22 N.W.2d 294 (1946). The intervention statutes are to be liberally construed. *Id.* The right to intervene pursuant to the statute is absolute. *Id.*

The procedure for intervening is also set forth in our statutes. Neb. Rev. Stat. § 25-330 (Reissue 1995) provides:

The intervention shall be by petition, which must set forth the facts on which the intervention rests, and all the pleadings therein shall be governed by the same rules as obtain in regard to other pleadings provided for by this code. If such petition is filed during term, the court shall direct the time in which answers thereto shall be filed.

We have recently recognized the statutory requirement that intervention be by petition. *In re Interest of Kiana T., ante* p. 60, 628 N.W.2d 242 (2001). A person seeking to intervene in an action must allege facts showing that he or she possesses the requisite legal interest in the subject matter of the action. *In re Interest of Kayle C. & Kylee C.,* 253 Neb. 685, 574 N.W.2d 473 (1998). For purposes of ruling on a motion for leave to intervene, a court must assume that the intervenor's factual allegations set forth in the petition are true. *Id.*

Appellants contend that they have a direct and legal interest in the controversy because distributive shares of Robert's title to the disputed real property passed to them immediately upon his death. Under Nebraska law, title to real property passes immediately upon death to devisees or heirs, subject to administration. *Mischke v. Mischke,* 253 Neb. 439, 571 N.W.2d 248 (1997); *Willis v. Rose,* 223 Neb. 49, 388 N.W.2d 101 (1986). The probate code also clearly recognizes this principle:

> The power of a person to leave property by will, and the rights of creditors, devisees, and heirs to his property are subject to the restrictions and limitations contained in this code to facilitate the prompt settlement of estates. *Upon the death of a person, his real and personal property devolves to the persons to whom it is devised by his last will or to those indicated as substitutes for them . . . or, in the absence of testamentary disposition, to his heirs, or to those indicated as substitutes for them*[,] . . . subject to homestead allowance, exempt property and family allowance, to rights of creditors, elective share of the surviving spouse, and to administration.

(Emphasis supplied.) § 30-2401. According to the allegations in the petition for intervention, which we must accept as true, all of the debts of the estate have been paid, there are sufficient assets to pay specific bequests made by Robert in his will, and the real estate at issue constitutes the remainder. Under these circumstances, each appellant as a residual devisee is the vested titleholder of an interest in the real property presently included in the residue of the estate. If appellees are successful in removing the real property from the estate, appellants' interest in the residuary remainder will be substantially diminished.

The district court stated three reasons in support of its finding that appellants were not entitled to intervene in the proceedings. First, the court found that they lacked a direct interest in the real estate because, as "residuary legatees," appellants were entitled to only a distribution of the residue in cash. We disagree with this reasoning. Initially, we note that appellants are not "legatees" either as that term is used at common law or under the probate code. Under the common law, a legatee is one who takes personal property under a will. Black's Law Dictionary 908 (7th ed. 1999). The appellants in this situation are the takers of real property under the will, or common-law devisees. *Id.* at 463. Furthermore, the probate code uses the generic term "devisee" to refer to parties who take either real or personal property under a will, and "legatee" is not used in the code. § 30-2209(7) and (8).

More importantly, the record does not support the district court's conclusion that appellants' interests are in a cash distribution after the settlement of debts and specific bequests, rather than

in the real estate in the residuary. The petition in intervention makes factual allegations, which we must accept as true for purposes of our review, that all debts of the estate have been paid. The petition also alleges that there are sufficient assets to pay specific bequests and that the real estate at issue constitutes the remainder of the estate. The petition requests that the real estate be partitioned and, only as an alternative, requests that it be sold and the proceeds divided. Unless there is a contrary intention indicated by the will, the assets of an estate are to be distributed in kind to the extent possible. § 30-24,104. Section 30-24,104(4) specifically provides that "[t]he residuary estate shall be distributed in kind if there is no objection . . . and it is practicable to distribute undivided interests." On the record before us, there is no objection to an in-kind distribution of the real estate that constitutes the residuary and no showing that such a distribution would be impractical. Moreover, we note that even if the real estate is sold and the proceeds distributed, the interest of appellants remains in the real estate, regardless of how the interest is satisfied.

The district court also found that appellants' interests in this matter "are already represented by the Personal Representative who has the duty to defend this lawsuit in the best interests of those persons who take under decedent's will." It reasoned that because appellants made no showing that the personal representative would act contrary to their interests, they were not entitled by law to be represented twice in the same action. This rationale requires us to examine other relevant provisions of the probate code.

As noted, the probate code clearly provides that title to real estate passes immediately upon death to heirs or devisees. § 30-2401. Appellees argue, however, that §§ 30-2462 to 30-2482, which set forth the duties and powers of the personal representative, illustrate that the personal representative nevertheless adequately represents appellants. Section 30-2464 provides:

> (a) A personal representative is a fiduciary who shall . . . comply with the Nebraska Uniform Prudent Investor Act. A personal representative is under a duty to settle and distribute the estate of the decedent in accordance with the terms of any probated and effective will and this code, and

as expeditiously and efficiently as is consistent with the best interests of the estate. He or she shall use the authority conferred upon him or her by this code, the terms of the will, if any, and any order in proceedings to which he or she is party for the best interests of successors to the estate.

. . . .

(c) Except as to proceedings which do not survive the death of the decedent, a personal representative of a decedent domiciled in this state at his or her death has the same standing to sue and be sued in the courts of this state and the courts of any other jurisdiction as his or her decedent had immediately prior to death.

Section 30-2470 governs the duty of a personal representative with respect to possession of an estate, providing:

Except as otherwise provided by a decedent's will, every personal representative has a right to, and shall take possession or control of, the decedent's property, except that any real property or tangible personal property may be left with or surrendered to the person presumptively entitled thereto unless or until, in the judgment of the personal representative, possession of the property by him will be necessary for purposes of administration. The request by a personal representative for delivery of any property possessed by an heir or devisee is conclusive evidence, in any action against the heir or devisee for possession thereof, that the possession of the property by the personal representative is necessary for purposes of administration. The personal representative shall pay taxes on, and take all steps reasonably necessary for the management, protection and preservation of, the estate in his possession. *He may maintain an action to recover possession of property or to determine the title thereto.*

(Emphasis supplied.) Appellees argue that the above statutes, particularly the italicized portion of § 30-2470, are dispositive of the appeal, as they clearly authorize the personal representative to represent the estate in a quiet title action. They argue that although title still passes at death, the other provisions of the probate code make the concept of title "relatively unimportant" in matters of probate except in the absence of administration. Brief

for appellee at 8. This argument is also based upon § 30-2472, which provides:

> Until termination of his appointment a personal representative has the same power over the title to property of the estate that an absolute owner would have, in trust however, for the benefit of the creditors and others interested in the estate. Unless otherwise specifically ordered by the court, this power may be exercised without notice, hearing, or order of court.

Since the enactment of the probate code, we have addressed issues relating to the power of a personal representative over real estate of a decedent. In *In re Estate of Kesting*, 220 Neb. 524, 371 N.W.2d 107 (1985), the will of a testator devised the north half of a quarter section of land to his daughter and the south half to his son. Prior to his death, however, the testator by warranty deed conveyed the entire quarter section to his son. The son was subsequently appointed as personal representative of the estate. The daughter filed a petition alleging that the warranty deed was procured by undue influence and requesting that a special administrator be appointed for the purpose of taking action on behalf of the estate to set aside the warranty deed. In resolving the issue, we noted that "[g]enerally, and in a proper situation, an heir, devisee, or interested person in his or her own right may challenge a deed executed by the decedent defeating descent to the challenger." *Id.* at 526, 371 N.W.2d at 109. Citing § 30-2470, we reasoned that there was no allegation that the real estate at issue was necessary for the purposes of administering the estate, and that in the absence of a request from the personal representative for possession of the real estate, there was " 'conclusive evidence' " that the real estate was not necessary for administration of the estate. *Id.* at 527, 371 N.W.2d at 109. We then concluded that when real property is not needed for purposes of administration, the probate code could not be construed so as to authorize a special administrator to bring an action, thereby permitting one heir or devisee to finance a lawsuit against another out of the funds of the estate.

In *Mischke v. Mischke*, 253 Neb. 439, 571 N.W.2d 248 (1997), we interpreted § 30-2470 in a similar manner. In that case, the trial court awarded certain heirs a partial interest in real property.

We held that this was error, noting that the personal representative had made a demand for surrender of the property and that pursuant to § 30-2470, such demand was conclusive proof that the property was necessary for administration. In *Willis v. Rose*, 223 Neb. 49, 388 N.W.2d 101 (1986), we addressed who is the proper party in a revivor action involving real property of a decedent. In examining the issue presented, we interpreted our revivor statutes to require that

"the revivor should be against the representatives of the deceased person whose property rights would be affected by the revivor. If the revivor would affect only the personal property in the hands of the administrator, then it may be revived as against him, but, if it is intended to affect real property which passed, on the death of the judgment debtor, to his heirs, then it should be revived against such heirs at law . . . ."

*Willis*, 223 Neb. at 53-54, 388 N.W.2d at 105, quoting *Dougherty v. White*, 112 Neb. 675, 200 N.W. 884 (1924). We then stated:

The reason for the rule is simple. A suit must be brought by or against a person or persons who have an interest in the property which will be affected by the order of the court. If the property to be affected is personal property, the proper party is the personal representative, who, until the estate is closed, has lawful title to the property. . . . On the other hand, if the property is realty, the proper party or parties are the heirs or devisees, because title to real estate immediately vests in the heirs or devisees upon the death of the party having an interest in the property just prior to death.

(Citations omitted.) *Willis*, 223 Neb. at 55, 388 N.W.2d at 105-06.

In *In re Estate of Layton*, 212 Neb. 518, 323 N.W.2d 817 (1982), the appellant contended that he should have been awarded the decedent's business under the terms of an oral promise that the decedent would leave the property to the appellant in his will. At issue was whether this was a request for specific performance of an oral contract or whether it was a claim against an estate. We noted that we had previously addressed the issue in *Peterson v. Estate of Bauer*, 76 Neb. 652, 107 N.W. 993 (1906), and found it was an equitable action for specific performance. In support of our holding, we quoted from *Peterson*:

"The suit is one to bind specifically the estate, real and personal, of the deceased with a contract alleged to have been made by him in his lifetime . . . . To such a suit the persons claiming title to the lands of the decedent as heirs or devisees, and asserting rights as distributees of the personalty by will or by statute, are indispensable parties without whose presence a final determination of the controversy cannot be made. It follows that such a claim is not litigable in the ordinary course of probate administration, but must be prosecuted, if at all, in a court of original and general equitable jurisdiction and powers, the executor or administrator being a proper but not in all instances a necessary party."

*In re Estate of Layton*, 212 Neb. at 521-22, 323 N.W.2d at 819-20.

These cases demonstrate that a personal representative may maintain an action with respect to real estate only to the extent the personal representative has possession of the real estate for purposes of administration. In the instant case, the allegations in the petition for intervention indicate that the real property at issue is no longer necessary for purposes of administration. The personal representative therefore does not have a possessory interest in the real estate and cannot already be adequately representing the interests of appellants.

Moreover, even if the personal representative does in some manner already represent appellants, the district court nevertheless erred in denying the petition to intervene on this ground. Appellees rely upon two cases from other jurisdictions in support of their argument that because the probate code gives authority to the personal representative to represent all interested parties of the estate, allowing those parties to intervene will unnecessarily complicate the litigation. Both of these cases are inapplicable, however, because they involve intervention rules substantially different from ours.

In *In re Est. of Scott*, 40 Colo. App. 343, 577 P.2d 311 (1978), and *State ex rel. Palmer v. District Ct., Etc.*, 190 Mont. 185, 619 P.2d 1201 (1980), the courts interpreted intervention rules providing that a party could intervene as a matter of right if the party

"claims an interest relating to the property or transaction which is the subject of the action and he is so situated that

the disposition of the action may as a practical matter, impair or impede his ability to protect that interest, *unless the applicant's interest is adequately represented by existing parties."*

(Emphasis supplied.) *In re Est. of Scott*, 40 Colo. App. at 345, 577 P.2d at 312, quoting Colo. R. Civ. P. 24(a)(2). Accord *State ex rel. Palmer, supra,* quoting Mont. R. Civ. P. 24(a)(2). These intervention rules make an exception for a party already adequately represented by an existing party. There is no such qualification in § 25-328.

Section 25-328 requires only that an intervenor have a direct and legal interest in the matter in litigation. The language of the intervention statute is clear, and the right to intervene under it is "absolute." *Wightman v. City of Wayne,* 146 Neb. 944, 946, 22 N.W.2d 294, 296 (1946). The district court erred in denying the petition in intervention for the reason that appellants were already adequately represented by the personal representative.

The district court also found that the petition in intervention impermissibly attempted to expand the scope of the proceedings by seeking an accounting. An intervenor who is not an indispensable party cannot change the nature and form of the action or the issues presented therein. *Arnold v. Arnold,* 214 Neb. 39, 332 N.W.2d 672 (1983). Because we conclude based on the analysis below that appellants are necessary parties, we do not address this finding.

Pursuant to Nebraska law, title to the real property immediately vested in appellants at the time of Robert's death. They therefore have a sufficient direct and legal interest in the matter in litigation to entitle them to intervene pursuant to § 25-328, and the district court erred in denying their petition in intervention.

### NECESSARY PARTIES

■ Appellants also argue that the district court erred in not sua sponte requiring that all nine residual devisees be made parties to the proceeding. We note that the necessary party argument was not made before the district court. As a general rule, an appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *Maxwell v. Montey, ante* p. 160, 631 N.W.2d 455 (2001). However, the presence of

necessary parties is jurisdictional and cannot be waived by the parties. *Langemeier v. Urwiler Oil & Fertilizer*, 259 Neb. 876, 613 N.W.2d 435 (2000). If necessary parties to a proceeding are absent, the district court has no jurisdiction to determine the controversy. *Id.* We therefore address the merits of this argument.

An indispensable party is one whose interest in the subject matter of the controversy is such that the controversy cannot be finally adjudicated without affecting the indispensable party's interest, or which is such that not to address the interest of the indispensable party would leave the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999). See, also, Neb. Rev. Stat. § 25-323 (Reissue 1995). All nine residual devisees were immediately vested with title to the residuary real estate upon Robert's death. See, § 30-2401; *Mischke v. Mischke*, 253 Neb. 439, 571 N.W.2d 248 (1997); *Willis v. Rose*, 223 Neb. 49, 388 N.W.2d 101 (1986). A determination of this controversy in favor of appellees would necessarily prejudice the rights of all the residual devisees, and therefore, the controversy cannot be properly resolved without their participation in the suit.

We conclude that the district court erred in not sua sponte requiring that all nine residual devisees be made parties to the instant case. We remand with directions that all residual devisees be made defendants to the instant proceedings.

## CONCLUSION

As vested titleholders to the real property in the residuary estate, appellants have a direct and legal interest entitling them to intervene pursuant to § 25-328. Because a determination of the controversy in favor of appellees would prejudice the rights of all nine residual devisees, all of them are also necessary parties to this case. We reverse, and remand with directions to grant appellants leave to intervene and to order that all of the residual devisees be made parties defendant.

REVERSED AND REMANDED WITH DIRECTIONS.