IN RE CHANGE OF NAME OF DAVENPORT.
EDWARD M. DAVENPORT, MORE COMMONLY KNOWN AS
EDWARD M. STANEK, BY AND THROUGH HIS GUARDIANS AND
NEXT FRIENDS, FRANCIS E. STANEK AND SALLY A. STANEK,
APPELLEE, V. RICKY R. DAVENPORT, APPELLANT.
641 N.W.2d 379

Filed April 5, 2002.    No. S-00-969.

Ricky R. Davenport, pro se.

Mark A. Klinker for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Edward M. Davenport, a minor, by and through his guardians and next friends, Francis E. Stanek and Sally A. Stanek, petitioned the district court for Douglas County to legally change his

surname from Davenport to Stanek. Appellant, Ricky R. Davenport, Edward's biological father and noncustodial parent, sought leave to intervene in the name-change proceeding. Leave was denied by the district court. Following a hearing on the merits, the district court entered an order changing Edward's surname from Davenport to Stanek. Ricky appeals. Because we conclude that the district court erred in denying Ricky leave to intervene, we reverse the decision of the district court and remand the cause with directions consistent with this opinion.

## STATEMENT OF FACTS

Edward was born out of wedlock on July 29, 1985, to Cynthia Ann Stanek. There is no dispute in the record that Ricky is Edward's father and that Ricky is responsible for paying court-ordered child support for Edward. At the time of his birth, Edward was given Cynthia's surname, Stanek. Ricky's paternity was not noted on Edward's birth certificate.

On November 13, 1989, for reasons not explained in the record, the Douglas County Court appointed Francis and Sally as Edward's guardians, and Edward has lived with Francis and Sally since they became his court-appointed guardians. The record reflects that Edward's mother, Cynthia, is alive, but that she has infrequent interaction with Edward. The record also reflects that Ricky is incarcerated at the Nebraska State Penitentiary. According to the record, he would initially be eligible for parole in approximately 2007.

In March 1994, pursuant to Neb. Rev. Stat. § 71-630(4) (Reissue 1990), Ricky and Cynthia amended Edward's birth certificate to change his surname from Stanek to Davenport so that Edward could "start going by his real last name." In 1994, § 71-630(4) provided in part that "[u]pon request and receipt of a sworn acknowledgment of paternity of a child born out of wedlock signed by both parents, the Bureau of Vital Statistics, Department of Health, shall amend the certificate of birth to show such paternity if paternity is not shown on the birth certificate." For the sake of completeness, we note that § 71-630(4) was amended subsequent to March 1994, but such amendments have no bearing on the instant appeal.

The record in this appeal contains a certified copy of Edward's birth certificate, issued March 31, 1994, setting forth his name as

Edward Michael Davenport and identifying his father as Ricky. The birth certificate revised pursuant to § 71-630(4) does not reflect the fact that it has been amended.

On June 28, 2000, Edward, through his guardians, filed a petition seeking to change his surname from Davenport to Stanek, which surname he had continued to use despite the 1994 amendment to his birth certificate. On August 15, Ricky filed a petition to intervene in the name-change proceeding pursuant to the intervention statute, Neb. Rev. Stat. § 25-328 (Reissue 1995), which provides as follows:

> Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the State of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences.

In his petition to intervene, Ricky alleged, inter alia, that he was the biological father of the minor child Edward, that his parental rights had not been terminated, that he had an interest in the litigation, and that he opposed the name change sought by Edward.

On August 28, 2000, Ricky's petition to intervene came on for telephonic hearing before the district court for Douglas County. In an order filed August 29, the district court denied Ricky leave to intervene. The court found that Ricky was Edward's noncustodial parent, that he was incarcerated at the Nebraska State Penitentiary, and that his "primary interest in attempting to intervene in this case [was] to keep Edward from changing his surname." The court concluded that Ricky "ha[d] no right to intervene in this case" and denied Ricky's petition in intervention.

On August 31, 2000, the district court held an evidentiary hearing on the substance of Edward's petition to change his surname. Edward, Francis, and Cynthia testified at the hearing. Ricky was not present and did not participate in the hearing. In

an order filed September 5, the district court granted Edward the relief sought in his petition and changed his surname from Davenport to Stanek. Ricky appealed.

## ASSIGNMENTS OF ERROR

Ricky assigns three errors. We need not address each of Ricky's assignments of error because our decision on Ricky's claim that the district court erred in denying him leave to intervene in Edward's name-change proceeding resolves the appeal.

## STANDARDS OF REVIEW

Whether a party has the right to intervene in a proceeding is a question of law. See *Ruzicka v. Ruzicka*, 262 Neb. 824, 635 N.W.2d 528 (2001). See, also, *In re Interest of Kayle C. & Kylee C.*, 253 Neb. 685, 574 N.W.2d 473 (1998). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Ruzicka, supra*; *In re Estate of Mecello*, 262 Neb. 493, 633 N.W.2d 892 (2001).

## ANALYSIS

In considering Ricky's first assignment of error, we are guided by the rules governing intervention. See, *In re Interest of Destiny S., ante* p. 255, 639 N.W.2d 400 (2002); *Ruzicka, supra*. Ricky seeks to intervene pursuant to § 25-328. As a prerequisite to intervention under § 25-328, the intervenor must have a direct and legal interest of such character that the intervenor will lose or gain by the direct operation and legal effect of the judgment that may be rendered in the action. *In re Interest of Destiny S., supra*; *Ruzicka, supra*. An indirect, remote, or conjectural interest in the result of a suit is not enough to establish intervention as a matter of right. *Colman v. Colman Foundation, Inc.*, 199 Neb. 263, 258 N.W.2d 128 (1977). A person seeking to intervene in an action under § 25-328 must allege facts showing that he or she possesses the requisite legal interest in the subject matter of the action. *In re Interest of Destiny S., supra*; *Ruzicka, supra*; *In re Interest of Kayle C. & Kylee C., supra*. The intervention statutes are to be liberally construed. *Ruzicka, supra*; *Wightman v. City of Wayne*, 146 Neb. 944, 22 N.W.2d 294 (1946). For purposes of ruling on a motion for leave to intervene, a court must

assume that the intervenor's factual allegations set forth in the petition are true. *Ruzicka, supra*; *In re Interest of Kayle C. & Kylee C., supra*.

In the instant case, Ricky seeks leave to intervene in Edward's name-change proceeding, claiming that he has an interest in the proceeding because he is the biological father of the minor child Edward and that his parental rights have not been terminated. The district court concluded that Ricky's status as Edward's father gave him "no right to intervene in this case." We disagree and conclude as a matter of law that the district court erred in denying Ricky's petition for leave to intervene.

This court has previously recognized the substantial interest a parent has in his or her child's surname. *Cohee v. Cohee*, 210 Neb. 855, 317 N.W.2d 381 (1982). The reason often given for a child's retention of the parental surname is the need to preserve the parent-child bond. *In re Change of Name of Andrews*, 235 Neb. 170, 454 N.W.2d 488 (1990). While we have recognized that in dissolution proceedings, "patrimonial control of surnames has virtually disappeared," *Cohee*, 210 Neb. at 857, 317 N.W.2d at 382, we have also been reluctant to approve name changes which result in the abolition of the biological parent's surname. See *Spatz v. Spatz*, 199 Neb. 332, 258 N.W.2d 814 (1977) (rejecting mother's request to change her children's surname from their father's surname to her subsequent husband's surname).

It is undisputed in the instant case that Ricky is the biological father of the minor child Edward. Although he is a non-custodial parent, his parental rights have not been terminated. The record reflects Ricky's involvement in Edward's life despite his incarceration. There is an indication in the record that he writes to Edward, talks with him on the telephone, and sends him presents. Ricky's interest in Edward's name change is not indirect, remote, or conjectural. See *Colman, supra*. Rather, as Edward's biological father, Ricky has a demonstrable direct and legal interest of such character that he will lose or gain by the direct operation and legal effect of the judgment that may be rendered in the action. See *In re Interest of Destiny S., ante* p. 255, 639 N.W.2d 400 (2002). Accordingly, Ricky should be afforded the opportunity to participate in his minor child Edward's name-change proceeding and present evidence as to

why the requested name change may or may not be in Edward's best interests. See *In re Change of Name of Andrews, supra* (whether child's surname may be changed depends on and is determined by best interests of child).

To be granted intervention under § 25-328, an intervenor must have a direct and legal interest in the matter in the litigation. Ricky has such an interest in the instant case. "The language of the intervention statute is clear, and the right to intervene under it is " 'absolute.' " *Ruzicka v. Ruzicka*, 262 Neb. 824, 836, 635 N.W.2d 528, 537 (2001) (quoting *Wightman v. City of Wayne*, 146 Neb. 944, 22 N.W.2d 294 (1946)). The district court erred in denying Ricky's petition to intervene.

## CONCLUSION

Edward's biological father, Ricky, has a direct and legal interest entitling him to intervene pursuant to § 25-328 in his minor child Edward's name-change proceeding. The district court's denial of Ricky's petition to intervene was error. We reverse the district court's orders denying intervention and granting a name change and remand the cause with directions to grant Ricky leave to intervene in the name-change proceeding to be conducted with Ricky as a party.

REVERSED AND REMANDED WITH DIRECTIONS.