SPEAR T RANCH, INC., A NEBRASKA CORPORATION, APPELLEE, V. MELVIN G. KNAUB ET AL., APPELLEES, AND CENTRAL NEBRASKA PUBLIC POWER AND IRRIGATION DISTRICT, APPELLANT.

713 N.W.2d 489

Filed May 5, 2006. No. S-05-759.

Michael C. Klein, of Anderson, Klein, Swan & Brewster, for appellant.

Harriet M. Hageman and Kara Brighton, of Hageman & Brighton, P.C., for appellees George A. Davis and Loretta L. Davis.

John F. Simmons, of Simmons & Olsen Law Firm, P.C., for appellees John Gifford and Roger Gifford.

Michael J. Javoronok, of Michael J. Javoronok Law Firm, for appellees Max Olsen, Olsen Ranches, Inc., Melvin G. Knaub, Melvin G. Knaub Farms, Inc., Knaub, Inc., Melvin G. Knaub Grand Kids, L.P., and Special K, Inc.

Daniel M. Placzek, of Leininger, Smith, Johnson, Baack, Placzek, Steele & Allen, for appellee Olsen Ranches, Inc.

John H. Skavdahl, of Skavdahl & Edmund Law Office, for appellee Gifford Circle Diamond Ranch, Inc.

Daniel L. Lindstrom, of Jacobsen, Orr, Nelson, Wright & Lindstrom, P.C., for appellee XL Farms, L.L.C.

Philip M. Kelly, of Douglas, Kelly, Ostdiek, Bartels & Neilan, P.C., for appellees Richard Van Pelt and Margaret Van Pelt.

Paul E. Hofmeister, of Chaloupka, Holyoke, Hofmeister, Snyder & Chaloupka, P.C., L.L.O., for appellees Hoehn Farms, Mark Hoehn, Krista Hoehn, and Allison Hoehn.

James M. Mathis and Leland K. Kovarik, of Kovarik, Ellison, Mathis & Weimer, P.C., for appellees Leeray Edens and Beverly Edens.

Albert M. Engles and Timothy J. Wollmer, of Engles, Ketcham, Olson & Keith, P.C., for appellee Donahue & Rutledge, Inc.

Robert M. Brenner, of Robert M. Brenner Law Office, for appellee Darnall Ranch, Inc.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.
## NATURE OF CASE
The Central Nebraska Public Power and Irrigation District (Central) appeals the district court's order denying its motion to intervene. Central sought to intervene in the present matter following our remand of the cause to the district court in *Spear T Ranch v. Knaub*, 269 Neb. 177, 691 N.W.2d 116 (2005).

## BACKGROUND
Spear T Ranch, Inc. (Spear T), a surface water appropriator, filed this action against numerous ground water irrigators seeking an injunction and damages for the loss of surface water from Pumpkin Creek. In *Spear T Ranch v. Knaub, supra*, we adopted the Restatement (Second) of Torts §·858 (1979) to govern conflicts between users of hydrologically connected surface water and ground water. We specifically held:

> "A proprietor of land or his [or her] grantee who withdraws ground water from the land and uses it for a beneficial purpose is not subject to liability for interference with the use of water of another, unless . . . the withdrawal of the ground water has a direct and substantial effect upon a watercourse or lake and unreasonably causes harm to a person entitled to the use of its water."

269 Neb. at 194, 691 N.W.2d at 132. Applying the Restatement standard to Spear T's complaint, we determined that although Spear T alleged that it had suffered a harm, it did not allege that the defendants unreasonably caused that harm. We further determined, however, that Spear T should be granted leave to amend

its complaint. We therefore reversed the district court's order and remanded the matter for further proceedings.

Following our remand of this action, Central moved to intervene as a plaintiff pursuant to Neb. Rev. Stat. § 25-328 (Cum. Supp. 2004). In its initial complaint, Central set forth, inter alia, the following allegations:

> The Defendants are diverting the water of Pumpkin Creek . . . without appropriations permitting such diversions, water which would otherwise be available for diversion pursuant to Central's appropriations . . . .
>
> . . . .
>
> . . . The Defendants' diversions are unreasonably causing harm to Central by reducing flow in Pumpkin Creek, and have reduced the flow available for diversion and for storage, as permitted by Central's appropriations.
>
> . . . The Defendants' diversions exceed their reasonable share of the annual supply, and exceed their reasonable share of the total store of water.
>
> . . . Each of Defendants' diversions is causing a direct and substantial effect on streamflow, and unreasonably causing harm to Central.
>
> . . . .
>
> . . . The Defendants' uses are causing direct and substantial depletions of flow of Pumpkin Creek, a tributary of the North Platte River, depletions which have caused Pumpkin Creek to go dry; Central's uses have no effect on Pumpkin Creek.

As its sole remedy, Central seeks a permanent injunction, which it maintains is the only means of avoiding the harm caused by the defendants' depletions of Pumpkin Creek.

Objections to Central's intervention were filed by the numerous defendants. Following a hearing on the matter, the district court denied Central's motion to intervene. Specifically, the district court found that Central failed to show an interest in this action of such character that it would gain or lose by direct operation and legal effect of any judgment which may be rendered, that Central's complaint fails to allege the requisite legal interest in the subject matter of this action, and the injury alleged by Central does not have a sufficient nexus to this action to

allow intervention. Central appeals the denial of its motion to intervene.

## ASSIGNMENT OF ERROR

Central assigns, rephrased and consolidated, that the district court erred by denying its motion to intervene.

## STANDARD OF REVIEW

 Whether a party has a right to intervene in a proceeding is a question of law. *Douglas Cty. Sch. Dist. 0001 v. Johanns*, 269 Neb. 664, 694 N.W.2d 668 (2005). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Id.*

## ANALYSIS

Central argues that they have a direct legal interest in the proceedings that entitle them to intervene pursuant to § 25-328.

Section 25-328 provides:

> Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the State of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences.

 As a prerequisite to intervention under § 25-328, the intervenor must have a direct and legal interest of such character that the intervenor will lose or gain by the direct operation and legal effect of the judgment which may be rendered in the action. *Douglas Cty. Sch. Dist. 0001 v. Johanns, supra; In re Change of Name of Davenport*, 263 Neb. 614, 641 N.W.2d 379 (2002). An indirect, remote, or conjectural interest in the result of a suit is not enough to establish intervention as a matter of right. *Douglas Cty. Sch. Dist. 0001 v. Johanns, supra; In re Change of Name of Davenport, supra.* Therefore, a person seeking to intervene must allege facts showing that he or she possesses the

requisite legal interest in the subject matter of the action. *Douglas Cty. Sch. Dist. 0001 v. Johanns, supra*; *In re Change of Name of Davenport, supra.*

■ For purposes of ruling on a motion for leave to intervene, a court must assume that the intervenor's factual allegations set forth in the complaint are true. See *In re Change of Name of Davenport, supra.* Central's complaint seeking intervention has as its sole prayer for relief that the defendants "be permanently enjoined, and for such other and further relief as may be just and equitable."

A review of the respective operative complaint of Spear T as well as Central reveals the following:

(1) Spear T claims damages against the defendants for losses Spear T allegedly suffered as a result of the defendants' use of ground water underlying their lands. These damages are for destroying Spear T's crops, denying water to its livestock, and destroying the beauty and value of its property. Central, on the other hand, makes no claim at all for damages.

(2) Spear T asks for injunctive relief seeking to protect its claimed interest in and ownership of the water that the defendants are pumping. This claim is specific as to water that would reach Spear T but for the actions of the defendants. Central claims that the water being used by the defendants would otherwise be available to it for principally storage use in Lake McConaughy.

(3) The decision in *Spear T Ranch v. Knaub*, 269 Neb. 177, 691 N.W.2d 116 (2005), shows that the focus of that case was on that portion of the water used by the defendants that could be considered unreasonable. Central, however, asks for all uses upstream from it by the defendants to be permanently enjoined.

(4) Spear T's complaint is against specific defendants. Central attempts, by its complaint in intervention, to convert this action into a global dispute between ground water and surface water users. This is directly contrary to our holding in *Spear T Ranch v. Knaub, supra*, where we held that whether a ground water user has unreasonably caused harm to a surface water user is to be decided on a case-by-case basis.

Central's complaint claims that the defendants' alleged diversion of water from Pumpkin Creek will affect its uses for irrigation; hydroelectric production; recreation in the operation of

Lake McConaughy, Lake Ogallala, Jeffrey Lake, Johnson Lake, Elwood Reservoir, and numerous smaller lakes; environmental protection and enhancement; protection of threatened and endangered species; power plant cooling; and incidental underground water storage and recovery. Except for irrigation, none of these water uses by Central are common to Spear T.

The subject matter of this action is a claim that Spear T sustained harm as a result of alleged unreasonable withdrawal of ground water by the named defendants. The Restatement rule adopted in our previous opinion reflects the need to balance the competing equities and hardships of Spear T, a surface water appropriator, and the defendant ground water users. See *Spear T Ranch v. Knaub, supra.* Central's interests do not factor into this equation. Central would gain or lose nothing by a damage award in favor of Spear T or a judgment in favor of the defendants. Because any injunctive relief would be tailored to redress a specific injury proved by Spear T, Central has nothing more than an indirect, remote, or conjectural interest in one possible result of the litigation between Spear T and the defendants. Indeed, the factual allegations of Central's motion to intervene would introduce an entirely new subject matter into this action: a claim by Central that the actions of ground water users caused harm to its own interests for which it would be entitled to injunctive relief. While it is free to pursue this claim in a separate action, Central has not shown that it has a direct and legal interest in the subject matter of the action asserted by Spear T, which is a prerequisite to intervention under § 25-328.

## CONCLUSION

For the reasons discussed above, we affirm the order of the district court denying Central's motion to intervene.

AFFIRMED.

WRIGHT, J., not participating.