Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:11 PM CST

Wayne L. Ryan Revocable Trust et al., appellees,
v. Constance "Connie" Ryan and Streck, Inc.,
appellees, and Timothy Coffey et al., all in their
individual capacities and in their capacities as
qualified beneficiaries of the Eileen Ryan
Revocable Trust, appellants.

___ N.W.2d ___

Filed September 15, 2017.    No. S-16-628.

1. **Interventions: Appeal and Error.** Whether a party has the right to intervene in a proceeding is a question of law. On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. **Interventions: Final Orders: Appeal and Error.** Neb. Rev. Stat. § 25-1315 (Reissue 2016) does not supersede Nebraska's final order jurisprudence regarding orders denying intervention.
4. ____: ____: ____. An order denying intervention is a final, appealable order.
5. **Interventions.** As a prerequisite to intervention under Neb. Rev. Stat. § 25-328 (Reissue 2016), the intervenor must have a direct and legal interest of such character that the intervenor will lose or gain by the direct operation and legal effect of the judgment which may be rendered in the action.
6. ____. An indirect, remote, or conjectural interest in the result of a suit is not enough to establish intervention as a matter of right.
7. **Interventions: Pleadings.** Simply having a claim that arises out of the same facts as the claims at issue in the litigation does not constitute having a sufficient interest to support intervention.

8. \_\_\_\_: \_\_\_\_. A person seeking to intervene must allege facts showing that he or she possesses the requisite legal interest in the subject matter of the action.

9. \_\_\_\_: \_\_\_\_. For purposes of ruling on a motion for leave to intervene, a court must assume that the intervenor's factual allegations set forth in the complaint are true.

10. \_\_\_\_: \_\_\_\_. A prospective intervenor can raise his or her claims or defenses, but those claims or defenses must involve the same core issue as the claims between the existing parties. Intervenors can raise only issues that sustain or oppose the respective contentions of the original parties.

11. **Interventions.** An intervenor is bound by any determinations that were made before he or she intervened in the action. In other words, an intervenor must take the suit as he or she finds it.

12. \_\_\_\_. It is generally understood that the right to intervene does not carry with it the right to relitigate matters already determined, and an intervenor is admitted to the proceeding as it stands with respect to any pending issues.

13. **Appeal and Error.** An issue not presented to or decided by the trial court is not appropriate for consideration on appeal.

Appeal from the District Court for Sarpy County: WILLIAM B. ZASTERA, Judge. Affirmed.

Paul Heimann, Bonnie M. Boryca, and Karen M. Keeler, of Erickson & Sederstrom, P.C., for appellants.

Thomas H. Dahlk and Victoria H. Buter, of Kutak Rock, L.L.P., and Ronald E. Reagan, of Reagan, Melton & Delaney, L.L.P., for appellee Streck, Inc.

Larry E. Welch, Jr., and Damien J. Wright, of Welch Law Firm, P.C., for appellee Constance "Connie" Ryan.

HEAVICAN, C.J., WRIGHT, CASSEL, STACY, and FUNKE, JJ.

PER CURIAM.

This case involves an appeal from an order denying intervention in a corporate dissolution action. Because we find the intervenors are seeking only to relitigate matters

already decided by the court, we affirm the order denying intervention.

## FACTS

### 1. PARTIES

Streck, Inc., is a Nebraska corporation with its principal place of business in La Vista, Sarpy County, Nebraska. The company manufactures hematology, immunology, and molecular biology products for clinical and research laboratories.

Streck was founded by Dr. Wayne L. Ryan in 1971. Dr. Ryan is one of Streck's directors and is the sole beneficiary of the Wayne L. Ryan Revocable Trust (RRT), which owns 33 percent of Streck's voting stock and a majority of Streck's nonvoting stock. The sole trustee of the RRT is Dr. Ryan's daughter Carol Ryan. Dr. Ryan is also the primary beneficiary of his late wife's trust, the Eileen Ryan Revocable Trust (ERRT), which owns about 40 percent of Streck's nonvoting stock.

Another of Dr. Ryan's daughters, Constance Ryan (Connie), is the president and chief executive officer of Streck. Connie holds a majority of Streck's voting stock and about 8 percent of its nonvoting stock.

Stacy Ryan, one of the intervenors in this action, is also one of Dr. Ryan's daughters. Stacy redeemed her voting and nonvoting shares of Streck several years ago, but she remains an income beneficiary of the ERRT, which, as stated previously, owns nonvoting shares of Streck.

### 2. LAWSUIT BETWEEN RRT
### AND STRECK

In October 2014, the RRT filed suit against Streck and Connie in the Sarpy County District Court. The suit alleged shareholder oppression under Neb. Rev. Stat. § 21-20,162 (Reissue 2012) and breach of fiduciary duty. The relief sought included, among other things, "the dissolution of Streck."

On January 19, 2015, Streck filed an "Election to Purchase" the RRT's shares pursuant to the provisions of Neb. Rev. Stat. § 21-20,166 (Reissue 2012). That statute allows a corporation involved in a judicial dissolution action brought by shareholders to elect to purchase the shares owned by the petitioning shareholders rather than dissolve.[1] If, within 60 days after filing the election, the parties reach agreement on the fair value of the shares, the court "shall enter an order directing the purchase of the petitioner's shares upon the terms and conditions agreed to by the parties."[2] If the parties are unable to reach an agreement, the court, "upon application of any party, shall stay such proceedings and determine the fair value of the petitioner's shares" as of the day before the date the election was filed or any other date the court deems appropriate.[3] After an election has been filed under this statute, the underlying dissolution action may not be "discontinued or settled, nor may the petitioning shareholder sell or otherwise dispose of his or her shares, unless the court determines that it would be equitable to the corporation and the shareholders, other than the petitioner, to permit such discontinuance, settlement, sale, or other disposition."[4]

Although not raised by the parties, we note for the sake of completeness that § 21-20,166 was repealed by the Legislature in 2014.[5] Originally, the repeal was to be operative in 2016, but the operative date was amended by 2015 Neb. Laws, L.B. 157, § 10, to January 1, 2017. The repeal was due to the Legislature's 2014 adoption of the Nebraska Model Business Corporation Act (NMBCA) and repeal of Nebraska's Business Corporation Act. The Legislature's intent in adopting the NMBCA was

[1] § 21-20,166(1).

[2] § 21-20,166(3).

[3] § 21-20,166(4).

[4] § 21-20,166(2).

[5] 2014 Neb. Laws, L.B. 749, § 298.

to harmonize inconsistent terminology and move Nebraska to the same statutory scheme as 31 other jurisdictions.[6] The election provisions under the new NMBCA statute are substantially similar to the election provisions under the now-repealed § 21-20,166.[7] And, more important, the NMBCA contains a saving provision that expressly provides that the repeal of any statute by the NMBCA "does not affect" any "dissolution commenced under the statute before its repeal, and the . . . dissolution may be completed in accordance with the statute as if it had not been repealed."[8] As such, we conclude the repeal of § 21-20,166 does not materially affect our analysis.

On March 23, 2015, Streck filed an application to stay the proceedings, pursuant to § 21-20,166(4). In support of its motion, Streck alleged 60 days had elapsed and the parties had been unable to reach agreement regarding the fair value of the RRT's shares. Streck asked the court to stay further proceedings and determine the fair value of the RRT's shares as of October 29, 2014 (the day before the RRT's complaint was filed). On the same date, Connie filed a motion to determine fair value and stay further proceedings, which motion sought substantially the same relief as Streck's application.

On April 28, 2015, the court granted the applications and motions for stay. The court stayed the case to permit limited discovery on the issue of fair value and to allow the parties to reach possible agreement regarding the fair value of the shares.

### 3. STACY'S FIRST COMPLAINT
#### IN INTERVENTION

On June 16, 2015, while the case was stayed, Stacy filed a complaint in intervention. She alleged that 3 years earlier,

---

[6] Introducer's Statement of Intent, L.B. 749, Committee on Banking, Commerce, and Insurance, 103d Leg., 2d Sess. (Feb. 3, 2014).

[7] See Neb. Rev. Stat. § 21-2,201 (Cum. Supp. 2016).

[8] Neb. Rev. Stat. § 21-2,232 (Cum. Supp. 2016).

Streck and Connie had fraudulently induced her to redeem her voting and nonvoting shares of Streck for a purchase price that was substantially less than was legal and equitable. Although Stacy was not a shareholder of Streck at the time she filed her complaint in intervention, she asserted a variety of theories against both Streck and Connie, the details of which are not relevant to the issues on appeal.

On July 9, 2015, the court entered an order denying Stacy's complaint in intervention, finding that the claim she was asserting did not involve the same core issue as the claims between Streck and the RRT.[9] No appeal was taken from this order.

### 4. CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

On January 20, 2016, the RRT filed a motion for partial summary judgment, seeking an order that discounts should not be applied to the determination of the fair value of the RRT's shares. Shortly thereafter, Streck also filed a motion for partial summary judgment, seeking a determination that as a matter of law, it had validly exercised its election to purchase the RRT's shares, and that § 21-20,166(2) did not permit the RRT to challenge the election, because it authorized setting an election aside only if it was found not to be in the best interests of the corporation or the nonpetitioning shareholders.

On April 25, 2016, the court entered an order granting both parties' motions for partial summary judgment. With respect to the RRT's motion, the court held that discounts should not be applied to the determination of the fair value of the RRT's shares. With respect to Streck's motion, the court held that Streck was entitled to exercise an election to purchase the RRT's shares pursuant to § 21-20,166 and had validly done so. With the election declared valid, the only matter

---

[9] See *Ruzicka v. Ruzicka*, 262 Neb. 824, 635 N.W.2d 528 (2001).

remaining for the court to consider was the determination of the "fair value" of the shares, subject to the election pursuant to § 21,20-166. Trial on that issue was scheduled to begin July 5.

### 5. SECOND COMPLAINT
#### IN INTERVENTION

On May 13, 2016—more than 1 year after Streck filed its election and several weeks after the district court granted summary judgment finding the election valid—Stacy filed a second complaint in intervention, joined by her adult children Timothy Coffey, Sean Coffey, and John Ryan Coffey (collectively the intervenors). The intervenors are 4 of the 16 Ryan family members who are income beneficiaries of the ERRT. They alleged a statutory right to intervene pursuant to Neb. Rev. Stat. § 25-328 (Reissue 2016).

The intervenors' complaint did not allege any issue with respect to the fair value of the RRT's shares. Instead, it addressed the issue of whether Streck's election to purchase the RRT's shares was valid. The intervenors alleged they had been prevented from "showing the Court that the election to purchase is not in the best interests of [the ERRT]" and wanted to show that Streck's special litigation committee "did not act independently, did not perform due diligence, and [was] not objective when making [its] decision to purchase" the RRT's shares. The intervenors alleged that "[t]he purchase of Dr. Ryan's Streck shares will dilute or diminish the value of the [ERRT's] shares and the [intervenors'] future interest in them." As such, they sought to intervene in order to ask that the court "alter, amend, or vacate" its earlier order granting summary judgment on the validity of the election and "stay adjudication of that issue" until after the intervenors had an opportunity to conduct full discovery and "be fully heard" on the validity of the election.

Streck and Connie each filed motions to strike the intervenors' complaint. They argued the intervenors did not have a

direct and legal interest in the matter being litigated, because (1) all that was left to decide was the fair value of the RRT's shares and (2) the remaining issue had no direct bearing on the intervenors, who were not Streck shareholders, but merely income beneficiaries of the ERRT, which held non-voting Streck shares. They also argued that to the extent the intervenors were attempting to challenge issues previously determined involving the validity of Streck's election, their intervention was untimely, because summary judgment already had been granted on the issues and allowing intervention to challenge the summary judgment would impermissibly expand the proceedings. Finally, they argued that intervention would be futile because, under Nebraska law, one who intervenes has to take the case as they find it and the issues the intervenors wanted to challenge had already been decided on summary judgment.

On June 21, 2016, the court entered an order striking the complaint in intervention. The court stated its reasoning on the record, explaining that the intervenors had waited too long to intervene, had shown only an indirect interest in the subject matter of the litigation, and, in any event, were seeking relief the court could not grant. The intervenors timely appealed, and we moved the appeal to our docket.[10]

## II. ASSIGNMENTS OF ERROR

The intervenors assign, renumbered, that the district court erred in (1) ruling they did not have a direct and legal interest in the proceedings and striking the complaint in intervention on that basis, (2) ruling the complaint in intervention was untimely and striking it on that basis, and (3) ruling it could not fashion relief for the intervenors on the claims in their complaint in intervention and striking it on that basis.

---

[10] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

## III. STANDARD OF REVIEW

[1] Whether a party has the right to intervene in a proceeding is a question of law.[11] On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[12]

## IV. ANALYSIS

### 1. Jurisdiction

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[13] Streck argues we lack jurisdiction over this appeal, because the order denying intervention did not comply with the provisions of Neb. Rev. Stat. § 25-1315 (Reissue 2016).

[3,4] We recently addressed, and rejected, this same argument in *Streck, Inc. v. Ryan Family.*[14] There, we concluded that our jurisprudence regarding the finality of orders denying intervention[15] had not been superseded by § 25-1315, and we reiterated that an order denying intervention is a final, appealable order.[16] We conclude the intervenors have appealed from a final order, and Streck's argument to the contrary is without merit.

### 2. Statutory Intervention

#### (a) Legal Framework

The intervenors claim a right to intervene under § 25-328, which provides:

---

[11] *Ruzicka v. Ruzicka, supra* note 9.

[12] *Id.*

[13] *Trainum v. Sutherland Assocs.*, 263 Neb. 778, 642 N.W.2d 816 (2002).

[14] *Streck, Inc. v. Ryan Family, post* p. 773, ___ N.W.2d ___ (2017). Cf. *Guardian Tax Partners v. Skrupa Invest. Co.*, 295 Neb. 639, 889 N.W.2d 825 (2017).

[15] See, e.g., *Basin Elec. Power Co-op v. Little Blue N.R.D.*, 219 Neb. 372, 363 N.W.2d 500 (1985).

[16] *Streck, Inc. v. Ryan Family, supra* note 14.

Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the State of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences.

[5-9] As a prerequisite to intervention under § 25-328, the intervenor must have a direct and legal interest of such character that the intervenor will lose or gain by the direct operation and legal effect of the judgment which may be rendered in the action.[17] An indirect, remote, or conjectural interest in the result of a suit is not enough to establish intervention as a matter of right.[18] Simply having a claim that arises out of the same facts as the claims at issue in the litigation does not constitute having a sufficient interest to support intervention.[19] Therefore, a person seeking to intervene must allege facts showing that he or she possesses the requisite legal interest in the subject matter of the action.[20] For purposes of ruling on a motion for leave to intervene, a court must assume that the intervenor's factual allegations set forth in the complaint are true.[21]

[10,11] Our jurisprudence also recognizes some practical limitations on the right to intervene. A prospective intervenor can raise his or her claims or defenses, but those claims

---

[17] *Spear T Ranch v. Knaub*, 271 Neb. 578, 713 N.W.2d 489 (2006).

[18] *Id.*

[19] See *Kirchner v. Gast*, 169 Neb. 404, 100 N.W.2d 65 (1959).

[20] *Spear T Ranch v. Knaub, supra* note 17.

[21] *Id.*

or defenses must involve the same core issue as the claims between the existing parties.[22] Intervenors can raise only issues that "sustain or oppose the respective contentions of the [original parties]."[23] The intervenor is bound by any determinations that were made before he or she intervened in the action.[24] In other words, "'[a]n intervene[o]r must take the suit as he finds it . . . .'"[25]

### (b) Intervenors' Complaint

[12] It is settled law that one who intervenes is bound by any determinations that were made before he or she intervened in the action.[26] In other words, "'[a]n intervene[o]r must take the suit as he finds it . . . .'"[27] It is generally understood that the right to intervene does not carry with it the right to relitigate matters already determined,[28] and an intervenor is admitted to the proceeding as it stands with respect to any pending issues.[29]

At the time the intervenors filed their complaint, the only disputed issue remaining for determination by the court in this judicial dissolution was the fair value of the RRT's shares. The intervenors' complaint, however, makes no allegations regarding that issue. The allegations in the complaint instead

---

[22] See *Ruzicka v. Ruzicka, supra* note 9.

[23] *State ex rel. Nelson v. Butler*, 145 Neb. 638, 650, 17 N.W.2d 683, 691 (1945).

[24] See *School Dist. of Gering v. Stannard*, 196 Neb. 367, 242 N.W.2d 889 (1976).

[25] *Drainage District v. Kirkpatrick-Pettis Co.*, 140 Neb. 530, 538, 300 N.W. 582, 587 (1941).

[26] *School Dist. of Gering v. Stannard, supra* note 24.

[27] *Drainage District v. Kirkpatrick-Pettis Co., supra* note 25, 140 Neb. at 538, 300 N.W. at 587.

[28] See, e.g., *Arizona v. California*, 460 U.S. 605, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983).

[29] 59 Am. Jur. 2d *Parties* § 227 (2012).

challenge only the already-settled question of the validity of Streck's election. Because the intervenors are seeking to use intervention as a vehicle for relitigating issues previously determined by the court, the complaint in intervention was properly stricken.

[13] The intervenors argue on appeal that even if their interests do not support statutory intervention, the district court should have permitted them to intervene as a matter of equity. Independent of the intervention statutes, we have held that a court with equitable jurisdiction may allow persons to intervene as a matter of equity in a proper case.[30] But here, equitable intervention was neither alleged as a basis for the complaint in intervention nor clearly argued before the district court. An issue not presented to or decided by the trial court is not appropriate for consideration on appeal.[31]

## V. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

MILLER-LERMAN and KELCH, JJ., not participating.

---

[30] See *Department of Banking v. Stenger*, 132 Neb. 576, 272 N.W. 403 (1937).

[31] *Ameritas Invest. Corp. v. McKinney*, 269 Neb. 564, 694 N.W.2d 191 (2005).