Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/20/2023 08:07 AM CDT

Carol Harchelroad, Personal Representative of
the Estate of Sidney B. Harchelroad, deceased,
appellee, v. Michelle Harchelroad, Personal
Representative of the Estate of Brian
L. Harchelroad, deceased, appellee,
and Carol Harchelroad,
individually, appellant.

___ N.W.2d ___

Filed October 20, 2023.    No. S-22-743.

1. **Interventions: Appeal and Error.** Whether a party has the right to intervene in a proceeding is a question of law. On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.

2. **Interventions: Statutes: Equity.** In addition to statutory intervention, sometimes referred to as "intervention as a matter of right," this court has also recognized equitable intervention, which provides generally that a court with equitable jurisdiction may allow persons to intervene as a matter of equity in a proper case.

3. **Interventions: Statutes.** The right to intervene pursuant to statute is absolute.

4. ____: ____. The intervention statutes are to be liberally construed.

5. **Interventions.** To be entitled to intervention as a matter of right, the intervenor must have a direct and legal interest of such character that the intervenor will lose or gain by the direct operation and legal effect of the judgment which may be rendered in the action.

6. ____. An indirect, remote, or conjectural interest in the result of a suit is not enough to establish intervention as a matter of right.

7. **Interventions: Pleadings.** Simply having a claim that arises out of the same facts as the claims at issue in the litigation does not constitute having a sufficient interest to support intervention.

  8. ____: ____. A person seeking to intervene must allege facts showing that he or she possesses the requisite legal interest in the subject matter of the action.

  9. ____: ____. For purposes of ruling on a motion for leave to intervene, a court must assume that the intervenor's factual allegations set forth in the complaint are true.

  10. **Interventions.** It is of no effect that a party seeking intervention might have an interest adequately represented by another party.

Appeal from the District Court for Chase County: Patrick M. Heng, Judge. Reversed and remanded for further proceeding.

Robert B. Reynolds and Michael D. Samuelson, of Reynolds, Korth & Samuelson, P.C., L.L.O., for appellant.

Erin R. Robak, of McGill, Gotsdiner, Workman & Lepp, P.C., L.L.O., for appellee Michelle Harchelroad.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Carol Harchelroad appeals from the district court's denial of her motion to intervene in a suit involving her husband's estate. Following the death of her husband, Sidney B. Harchelroad, Carol was appointed to serve as personal representative of his estate. In that capacity, Carol filed suit against the estate of Brian L. Harchelroad. Brian was Sidney's brother, whom Sidney predeceased. A special administrator was later appointed to administer Sidney's estate, and that administrator has since advanced this litigation. In her individual capacity, Carol filed a motion to intervene in this suit. The district court denied that motion, and Carol has appealed. We reverse, and remand for further proceedings.

## BACKGROUND

The following facts are set forth in Carol's complaint in intervention. Brothers Sidney and Brian owned a business

together. Sidney died on January 30, 2018. Carol was subsequently named personal representative of Sidney's estate. Brian died on August 9, 2019, and his wife, Michelle Harchelroad, was named personal representative of Brian's estate.

As personal representative, Carol sued Brian's estate on October 29, 2019, alleging breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, fraud, breach of fiduciary duty, promissory estoppel/detrimental reliance, and requesting a constructive trust. This action was based on an alleged agreement between Sidney and Brian that each would take out a $2 million life insurance policy on the other and name themself as beneficiary. The alleged agreement further provided that the proceeds from the policy would be used to buy out the deceased brother's share of the joint business. Carol alleged that Brian collected the proceeds on Sidney's death and failed to buy out Sidney's shares. This suit further alleged that Brian then changed the beneficiary on the policy on his life from Sidney to his wife, Michelle, and that those proceeds were paid out and retained by Michelle after Brian's death. No payment derived from those proceeds was made to Sidney's estate or to Carol.

On July 31, 2020, a special administrator was appointed to administer Sidney's estate. Carol remained personal representative of Sidney's estate. Since the filing of a motion to substitute parties, the special administrator has advanced this litigation for the estate.

Carol, in her individual capacity, sought to intervene in the litigation against Brian's estate. She alleged that she was the residual beneficiary of Sidney's estate and has a "significant direct legal interest in the insurance proceeds" and, further, that these proceeds would "substantially impact the amount received by [her] in the estate proceedings." The special administrator did not object to Carol's intervention, noting at the hearing on intervention:

When I was first appointed as special administrator in this case, the case had already been filed by Carol. I

filed a substitution of counsel in that case with the idea being that on behalf of the creditors of the estate, the purpose — or my purpose was to claw back as much money as I could, including the roughly two million dollars of insurance proceeds that was at stake in this case.

Again, that was done for the benefit of the creditors at the time, which primarily were Western State Bank and Waypoint Bank.

Since that time, it appears, and Michelle . . . asserts that either she or she in her capacity as personal representative of the estate of Brian . . . has bought both of those loans from each of those banks.

So she is in effect the creditor, now, for those two claims. It seems that my interests at this point are far more peripheral than they once were because the idea that I'm trying to claw back money for the benefit of these two bank creditors is gone, in that Michelle, now, in some capacity, asserts that she's the ownership of both of those loans.

It doesn't make much sense for me to be front and center to claw back money for creditors when, in fact, she's holding those moneys and asserts that she is the creditor now.

. . . .

Now, Carol . . . has always taken the position that it was she and not me that was entitled to that — to those funds.

Now, there was always that friction, that tension between us relative to those funds, but it was in each of our interests early on in this case to try to claw it back from Michelle.

Again, that has essentially changed now. Carol still asserts her interest as that owner and beneficiary of those funds, and my interest has — has changed.

The district court denied the motion to intervene, noting that Carol did not individually "have a 'direct and legal interest'

in the damages or personal property that is the subject of this litigation. This is the role of the special administrator in this matter." The district court also noted that Carol was not indispensable so as to require her inclusion as a party.

## ASSIGNMENTS OF ERROR

Carol assigns that the district court erred in (1) denying her motion to intervene, (2) finding that she did not have a direct and legal interest in the litigation, and (3) analyzing whether she was an indispensable party in determining whether she would be permitted to intervene.

## STANDARD OF REVIEW

[1] Whether a party has the right to intervene in a proceeding is a question of law.[1] On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[2]

## ANALYSIS

This appeal presents one primary issue: whether the district court erred in finding that Carol did not have a direct and legal interest in the underlying litigation sufficient to support intervention under Neb. Rev. Stat. § 25-328 (Reissue 2016). Wrapped up in that issue is whether the district court also erred in considering whether Carol was an indispensable party to the litigation between Sidney's and Brian's estates.

[2] Our statute on intervention provides:

Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the State of Nebraska, may become a party to an action between any other

---

[1] *Wayne L. Ryan Revocable Trust v. Ryan*, 297 Neb. 761, 901 N.W.2d 671 (2017).

[2] *Id.*

persons or corporations, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences.[3]

In addition to statutory intervention, sometimes referred to as "intervention as a matter of right,"[4] this court has also recognized equitable intervention, which provides generally that "a court with equitable jurisdiction may allow persons to intervene as a matter of equity in a proper case."[5] The parties agree that the instant case involves statutory intervention under § 25-328 because Carol sought intervention prior to trial.

In addition to its consideration of Carol's intervention, the district court engaged in an analysis of whether Carol was an indispensable party. Whether a party is an indispensable or necessary party is a different, though related, concept to intervention. Neb. Rev. Stat. § 25-323 (Reissue 2016), entitled "Necessary parties; brought into suit; procedure," provides in part:

The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court shall order them to be brought in.

We have explained that a necessary or indispensable party to a suit is one whose interest in the subject matter of the controversy is such that the controversy cannot be finally adjudicated without affecting the indispensable party's interest, or

---

[3] § 25-328.

[4] See, e.g., *Carroll v. Gould*, 308 Neb. 12, 952 N.W.2d 1 (2020).

[5] *Wayne L. Ryan Revocable Trust v. Ryan, supra* note 1, 297 Neb. at 772, 901 N.W.2d at 678 (citing *Department of Banking v. Stenger*, 132 Neb. 576, 272 N.W. 403 (1937)).

which is such that not to address the interest of the indispensable party would leave the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.[6] The standard applied by a district court is higher than that which must be met to support statutory intervention because litigation that does not involve all necessary parties cannot proceed in the absence of those parties; thus, they are indispensable in order for a court to maintain jurisdiction of the action.

[3-9] Intervention is different. The right to intervene pursuant to statute is absolute.[7] The intervention statutes are to be liberally construed.[8] To be entitled to intervention as a matter of right, the intervenor must have a direct and legal interest of such character that the intervenor will lose or gain by the direct operation and legal effect of the judgment which may be rendered in the action.[9] An indirect, remote, or conjectural interest in the result of a suit is not enough to establish intervention as a matter of right.[10] Simply having a claim that arises out of the same facts as the claims at issue in the litigation does not constitute having a sufficient interest to support intervention.[11] Therefore, a person seeking to intervene must allege facts showing that he or she possesses the requisite legal interest in the subject matter of the action.[12] For purposes of ruling on a motion for leave to intervene, a court must assume that the intervenor's factual allegations set forth in the complaint are true.[13]

---

[6] *Koch v. Cedar Cty. Freeholder Bd.*, 276 Neb. 1009, 759 N.W.2d 464 (2009).

[7] *Carroll v. Gould, supra* note 4.

[8] *Id.*

[9] See *Wayne L. Ryan Revocable Trust v. Ryan, supra* note 1.

[10] *Id.*

[11] *Id*.

[12] *Id.*

[13] *Id.*

[10] Contrary to some jurisdictions with different statutory or rule-based requirements, this court has explicitly held that it is of no effect that a party seeking intervention might have an interest adequately represented by another party.[14] Indeed, § 25-328 contains no such requirement. So long as the party seeking intervention as a matter of right has a direct and legal interest in the ligation, that party is entitled to intervene. Thus, the district court's finding that the special administrator represented Carol's interest, and its conclusion that Carol was not an indispensable party, were unnecessary and irrelevant to the disposition of Carol's motion to intervene. Rather, the district court needed only to conclude whether Carol had a direct and legal interest in the litigation, and if she did, it was required to allow Carol leave to intervene under § 25-328.

In supporting its conclusion that Carol lacked the requisite direct and legal interest in the litigation, the district court relied upon *Ruzicka v. Ruzicka*.[15] In that case, there was a dispute over certain parcels of real property titled in the name of the decedent at the time of his death. The decedent's wife, brother, and farm corporation argued that the property, through "'mistake and inadvertence,'" was not transferred to the corporation.[16] Thus, there was a dispute over whether the property was owned by the farm or by the residual beneficiaries of the decedent's estate. Those residual beneficiaries sought to intervene, arguing that they had a direct and legal interest in the pending litigation relating to the ownership of the property. The motion to intervene was denied by the district court.

We reversed the denial of the motion to intervene in *Ruzicka*, reasoning that title to the real property had vested with the residuary beneficiaries upon the decedent's death, their interests in the litigation between the estate was direct

---

[14] See *Ruzicka v. Ruzicka*, 262 Neb. 824, 635 N.W.2d 528 (2001).

[15] *Id.*

[16] *Id*. at 825, 635 N.W.2d at 531.

and legal, and the residuary beneficiaries would gain or lose by the direct operation and legal effect of the judgment. We were unpersuaded, for the reasons noted above, that the personal representative's presence in the litigation was sufficient to protect the interests of the residuary beneficiaries.

In this case, the district court noted that *Ruzicka* involved real property in which title had vested in the residuary beneficiaries at the death of the decedent. The district court relied on authority suggesting that the case before it (and now on appeal here) involved damages and the recovery of life insurance proceeds. It further noted that *Ruzicka* was instructive on the issue of personal property, holding that title to personal property remains with the personal representative until the estate is closed. The district court here did not address our subsequent decision in *Wilson v. Fieldgrove*,[17] where we noted that since 1974, title to both personal and real property vests in the decedent's devisees and heirs immediately upon the death of the decedent.

Ultimately, *Ruzicka* is perhaps helpful in its explanation of intervention and indispensable parties, but it holds only that a personal representative can maintain an action with respect to real estate only to the extent that the personal representative has possession of the real estate for purposes of the estate's administration, and where individual residual beneficiaries had title as of the moment of the decedent's death, those individuals have a direct and legal interest in litigation concerning their ownership rights.

In addition to the district court's reliance on *Ruzicka*, Michelle, acting as personal representative of Brian's estate, directs us to *In re Estate of Hedke*[18] for the proposition that "under the Nebraska Probate Code, the right and duty to sue and recover assets for an estate reside in the estate's appointed personal representative, not the devisees." And in

---

[17] *Wilson v. Fieldgrove*, 280 Neb. 548, 787 N.W.2d 707 (2010).

[18] *In re Estate of Hedke*, 278 Neb. 727, 750, 775 N.W.2d 13, 32 (2009).

the absence of a personal representative, as was the case in *In re Estate of Hedke*, the Nebraska Probate Code provided that a special administrator could bring such litigation.

But a more critical look at *In re Estate of Hedke* shows only that the probate code grants to the personal representative the right and duty to sue and recover assets and that in the absence of a personal representative, a special administrator could fulfill that duty. There is no concern when those principles are applied to this case. This litigation was initiated by Carol, as personal representative (a position that, as best as we can tell from this record, Carol still maintains), and later advanced by a special administrator. In relying on *In re Estate of Hedke*, Michelle appears to overlook that having standing to bring suit is different than having the direct and legal interest required to intervene in a suit. And intervention is what is at issue here.

The record here demonstrates that Carol, in her individual capacity, has a direct and legal interest in the litigation in that, at a minimum, she is the residual beneficiary under Sidney's will. Carol is entitled to the remainder of property in the estate at the time of its closing. At issue in this underlying litigation against Brian's estate is $2 million, which the underlying complaint alleged Brian, and later his estate, continues to owe for the purchase of Sidney's interest in the brothers' business. Just as the banks were entitled to intervene due to debts owed to them, so too is Carol, who has a right to whatever remains— and that amount could vary considerably based on the outcome of this litigation.

We also observe that our review of the record suggests that the special administrator seems to lately question his own legal interest in this litigation, insofar as he was appointed, at least in part, to ensure that the interests of those other than Carol were met. It is also apparent from the record and from oral arguments in this case that related litigation is ongoing between Michelle and Carol in their individual capacities, as well as their capacities as the personal representatives of

their husbands' respective estates. While the details of the related litigation are not included in our record, its existence further supports the conclusion that Carol has a direct and legal interest in the outcome of this case's portion of the legal morass.

## CONCLUSION

The decision of the district court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded for
further proceeding.

Miller-Lerman, J., not participating.